First National Bank of Fargo *vs.* Rinaldo R. Briggs and others.

November 21, 1885.

**Appeal—Time—Order Affirming Previous Appealable Order.**—Where a court has once made an appealable order, but, before the time to appeal therefrom has expired, indicates by proper order its purpose to reconsider the question thus passed upon, (having power under the statute to set aside or modify its own orders,) and thereafter does reconsider and by final order redetermine the matter, affirming the former decision, an appeal may be taken from such final order, although the time for appeal from the former order has passed.

**Insolvency—Assignment—Attachment.**—Within 10 days after the property of a debtor has been levied upon, he may make an assignment under the insolvent act of 1881, and thereby cause such levy to be dissolved, although more than 10 days prior to such assignment other writs of execution or attachment had been levied upon his property.

Plaintiff brought this action in the district court for Clay county, against Rinaldo R. Briggs, Ferdinand A. Elder and George A. Elder, as copartners as Briggs & Elders, upon certain promissory notes, and, on January 14, 1885, caused the property of the defendants F. A. Elder and G. A. Elder to be attached. On January 22, 1885, each of those two defendants made an assignment in insolvency to F. J. Burnham, under Laws 1881, *c.* 148. On February 7, 1885, on application of the assignee, an order was made by *Collins*, J., dissolving and vacating the attachment, and on February 14th written notice of this order was served on plaintiff. On March 7th, plaintiff obtained from the same judge an order requiring the assignee to show cause on March 14th why the order of February 7th should not be vacated, and staying all proceedings thereon. This order to show cause was granted upon affidavits showing, among other things, that in December and November, 1884, attachments of defendants' property had been made, and they had not availed themselves of the provisions of the act of 1881. On April 4, 1885, the court made an order affirming its order of February 7, 1885, and making it absolute. From this last order the plaintiff, on April 18, 1885, appealed to this court.

*Stone & Newman* and *Spooner & Larrabee,* for appellant.

*Geo. P. Wilson* and *Ira B. Mills,* for respondent.

DICKINSON, J.   We will first express our decision upon the motion of the respondent to dismiss the appeal.   February 7, 1885, the court made an order dissolving an attachment against the property of the defendants Elder, but also ordered that proceedings under such order should be stayed for 30 days.   Before the expiration of the 30 days, the court granted an order to show cause, on the 14th day of March, why the order dissolving the attachment should not be vacated, and also further stayed all proceedings under such former order.   Upon hearing upon the order to show cause, the court reconsidered its determination as to the validity of the attachment, and thereupon made an order, under date of April 4th, affirming and making absolute the former order of February 7th dissolving the attachment.   From this last order this appeal was taken, more than 30 days after notice had been given of the original order dissolving the attachment.

It is not in the power of a party, by his own act, to extend the statutory period for appealing from an order;   nor has the court power, by an order made for that purpose, to grant an extension of such period.   It may, however, result from the exercise of the authority of the court to review, set aside, or modify its own orders, that upon an appeal from an order redetermining a matter once passed upon by a former order, made more than 30 days before such appeal was taken, there may be brought up for review the same questions involved in the former order.   By virtue of the statute (Gen. St. 1878, *c.* 66, § 125,) the court had this authority in respect to the order of February 7th.   By the order to show cause, granted before the expiration of the time to appeal from the former order, the court indicated its purpose to reconsider the question previously passed upon, and it actually did reconsider and redetermine the question involved.   It then affirmed and made absolute the former order.   Under these circumstances, we consider that an appeal might be taken from such final order after the time had elapsed for appealing from the original order.   The motion to dismiss this appeal has been therefore denied.

Upon the merits the facts to be considered are, in brief, as follows: On and prior to December 5, 1884, the property of the defendants Elder and Elder had been levied upon by virtue of several writs of execution and attachment issued out of the district court, and no proceedings were instituted by such debtors to vacate the writs, or to release the property from such levies, although the Elders were then insolvent. In this action a writ of attachment was issued against and levied upon the property of the Elders on the 14th day of January, 1885. Within 10 days thereafter the Elders made a general assignment to one Burnham in assumed compliance with the provisions of Laws 1881, c. 148. The assignee, having qualified, made application to have this attachment vacated, and upon this application the orders of February 7th and April 4th, above referred to, were made, by which the attachment was vacated. The property of the debtors having been attached in this action, the assignment by them within 10 days thereafter was expressly authorized by the statute, and was valid. The fact that, upon the levies made more than a month before, the debtors might then have made an assignment, but did not, did not affect the right to make an assignment within 10 days after any subsequent levy. Neither the terms of the act, nor the apparent purposes contemplated by it, warrant the construction for which the appellant contends— that is, that the right of a debtor to make an assignment is limited to the 10 days following the first execution of a writ against his property, so that it can never afterwards be exercised upon the levying of other attachments or executions. It is not questioned that, if the assignment was valid, the attachment was properly dissolved.

Order affirmed.