## OSSIAN E. DODGE, Jr., Executor, *vs.* CHARLES N. BELL.

### November 7, 1887.

**Appeal—Refusal to Vacate Order Sustaining Demurrer.**—An order denying a motion to vacate an order sustaining a demurrer, and for a "*new trial*" on the demurrer, is not an order refusing a new trial, so as to be appealable, under Gen. St. 1878, c. 86, § 8.

The plaintiff appeals from an order of the district court for Ramsey county, *Simons,* J., presiding, refusing to vacate an order sustaining a demurrer to the complaint and to grant a new trial. The respondent moved to dismiss the appeal.

*T. T. Alexander,* for appellant.

*Homer C. Eller,* for respondent.

GILFILLAN, C. J. The defendant demurred to the plaintiff's complaint, and the demurrer was sustained. The plaintiff then made a motion that the court below vacate the order sustaining the demurrer, and "grant him a new trial." This motion was denied, and from the order denying it the plaintiff appeals to this court.

The order is not appealable. It is not an order refusing a new trial, within the meaning of the fourth subdivision of section 8, chapter 86, Gen. St. 1878, giving a right of appeal. This subdivision must

be understood to refer to orders granting or refusing new trials in the cases provided by the statute. It is true that a trial is defined by section 214, chapter 66, to be "the judicial examination of the issues between the parties, whether they are issues of law or of fact." But it is not to all trials within that definition that the provisions of sections 253–255, inclusive, of chapter 66, authorizing and regulating applications for new trials, apply. Seven grounds for such application are specified in section 253. By section 254, applications on the fourth, fifth, and seventh of these grounds are to be made upon bills of exceptions or statements of the case, prepared as prescribed in section 255, or upon the judge's minutes. When made for any other cause, they are made upon affidavits. Neither of these modes is applicable to a mere decision of the court on a question of law, as upon a demurrer to a pleading, or upon a motion in the progress of the action. The causes for a new trial specified in section 253, with the modes for presenting the application provided in sections 254 and 255, show that the terms "new trial," when used in the statute, mean, as at the common law, a retrial of issues of fact.

Appeal dismissed.