IN THE MATTER OF THE APPEAL OF MARY SEWARD FROM THE ORDER OF THE BOARD OF SUPERVISORS OF LAKEVILLE TOWNSHIP, DAKOTA COUNTY.[1]

June 29, 1923.

No. 23,503.

**Order appealable.**

 1. An order dismissing an appeal to the district court from an order establishing a cartway in township highway proceedings, for jurisdictional defects, is appealable under G. S. 1913, subdivision 7, § 8001, as a final order in a special proceeding.

**No appeal from order denying new trial, where no decision on the merits.**

 2. Where an appeal is so dismissed, there being no determination of the merits of the controversy, there is no basis for a motion for a new trial, and when such motion is made, no appeal lies from the order denying it. Dodge v. Bell, 37 Minn. 382, followed and applied.

Mary Seward and Frank Ives appealed to the district court for Dakota county from the order of the board of supervisors of the township of Lakeville laying out and establishing a cartway. The appeal was heard by Johnson, J., who granted respondent's motion

[1]Reported in 194 N. W. 378.

to dismiss. From an order denying their motion for a new trial, Mary Seward and Frank Ives appealed. Appeal dismissed.

*James I. Seward* and *P. H. O'Keefe*, for appellants.

*H. J. Van Valkenburg* and *Earl C. Wilmot*, for respondents.

BROWN, C. J.

From an order laying out and establishing a cartway in township highway proceedings an appeal was taken to the district court of the county in which the proceeding was pending, as authorized by G. S. 1913, § 2548. Due return thereto was made and when called in its order in the district court respondent on a special appearance moved for a dismissal of the appeal on the ground that there were fatal defects in the service and filing of the notice of appeal, by reason of which the court was without jurisdiction to proceed with a trial of the issues sought to be presented. After hearing counsel and due consideration the court granted the motion and the appeal by formal order was dismissed. The order was so made and entered on the eighteenth day of December, 1922. Thereafter appellants gave notice of motion for a new trial, alleging as ground thereof the order dismissing the appeal, supplementing the record proof of service of the notice of appeal by affidavits attached to the notice of motion. The motion came on for hearing and was denied on January 29, 1923, by order to that effect filed with the clerk. From that order this appeal was taken.

The point made by respondent that the order is not appealable and that the appeal for that reason should be dismissed, must be sustained. The case comes within the rule applied in Dodge v. Bell, 37 Minn. 382, 34 N. W. 739; followed and applied in St. Cloud Com. Council v. Karels, 55 Minn. 156, 56 N. W. 592. There was no basis for the motion for a new trial. The jurisdiction of the court to hear the appeal was challenged at the outset by the motion to dismiss, and the merits of the controversy were not reached nor in any form passed upon by the court. The order dismissing the appeal ended the proceeding in that court. To such a situation the provisions of the new trial statutes do not apply. The order of dismissal was appealable under G. S. 1913, subdivision 7 of section 8001, as a final

order in a special proceeding. No such appeal was taken. The case is unlike Hine v. Myrick, 60 Minn. 518, 62 N. W. 1125, where the merits of the cause were disposed of on the trial by an order granting judgment on the pleadings.

The appeal is dismissed.