MARY B. SAMELS AND OTHERS v. PEARL B. SAMELS.[1]

March 16, 1928.

No. 26,618.

**Appeal from probate to district court was ineffectual as to first cause of action.**

1(a)   An appeal from probate court to district court, to be effective, must comply with the provisions of G. S. 1923, § 8985. The appeal attempted here was ineffectual as to the first cause of action.

**Jurisdiction of proceeding in rem was not conferred on district court.**

(b)   Jurisdiction was not conferred on the district court by consent.

**Appeal to this court dismissed because not taken within statutory time.**

2.   No appeal having been taken to the supreme court from an order dismissing the appeal from probate court within the statutory time, the attempted appeal here is dismissed.

**Where appeal to district court is dismissed for lack of jurisdiction, there can be no motion for new trial nor appeal from denial of motion.**

3.   Where an appeal from probate court is dismissed in the district court for want of jurisdiction, there is no basis for a motion for new trial; and, where such motion is made, no appeal lies from the order denying it.

**Plaintiffs did not prove a conversion.**

4.   Evidence did not show a conversion.

Appeal and Error, 3 C. J. p. 366 n. 12; p. 369 n. 30; p. 1067 n. 28.
Courts, 15 C. J. p. 1023 n. 91.
Trover and Conversion, 38 Cyc. p. 2084 n. 16.

The probate court of Dakota county by separate orders disallowed two claims, one for $25,000 and the other for $2,520, filed by Mary B. Samels and others as executors of the estate of F. A. Samels against the estate of William A. Samels. Upon appeal to the district court the executors of F. A. Samels, as plaintiffs, filed a complaint making Pearl B. Samels, as executrix of the estate of William

[1]Reported in 218 N. W. 546.

A. Samels, defendant. The complaint stated two causes of action, one on the $25,000 claim and the other on the $2,520 claim. The defendant appeared specially and objected to the jurisdiction of the court to consider the $25,000 claim and moved to dismiss the appeal. The motion was denied. The defendant then interposed a general denial. At the conclusion of the trial the court made findings and dismissed the $25,000 cause of action for want of jurisdiction and by its conclusions of law ordered judgment for plaintiffs for $2,520 and interest on the second cause of action. Later it amended its findings and ordered judgment for the defendant on the second cause of action. From two orders, Schultz, J. denying plaintiffs' motions for a new trial as to both causes of action, they appealed. Appeal dismissed as to the first ($25,000) cause of action, and order affirmed as to the second ($2,520) cause of action.

*Jesse Van Valkenburg,* for appellants.

*Peterson, Jackson & Brist,* for respondent.

HILTON, J.

Action by executors of F. A. Samels' estate against the executrix of William A. Samels' estate. Appeal from order filed September 30, 1927, denying plaintiffs' motion for a new trial on the first cause of action, and also appeal from order filed November 1, 1927, denying plaintiffs' motion for new trial on second cause of action.

One claim for $25,000 and another for $2,520 were filed by plaintiffs in probate court of Dakota county against defendant. Probate court disallowed both claims on April 7, 1926, each by a separate order. Plaintiffs served a notice of appeal to the district court on defendant's attorneys April 23, 1926, reciting therein that the appeal was "from an order of the probate court in and for said county made and filed April 7, 1926." Two orders had been made, and this notice did not specify which of the orders was appealed from. On April 27 another notice of appeal was served upon defendant's attorneys in which it was stated that the appeal was "from an order of the probate court in and for said county made and filed April 7, 1926, in the above entitled estate, disallowing the claim for $2,520.00."

When the matter came on for trial in the district court attorneys for defendant appeared specially and objected to the jurisdiction of the court in so far as any consideration of the $25,000 claim was concerned. The motion to dismiss the appeal was denied and exception noted.

A complaint was filed stating two causes of action. The first cause of action was relative to the $25,000, and the second to the $2,520 claim. Each of the claims was made up of a number of items, and in each cause of action it was alleged "that said W. A. Samels wrongfully and unlawfully used and converted to his own use and benefit each of said sums of money." Still objecting to the jurisdiction of the court, an oral answer of a general denial was interposed to the complaint. The record clearly shows that there was no concession as to general jurisdiction of the district court as to the first cause of action and that the proceedings that followed were taken subject to the special appearance and objection. Considerable evidence was taken covering both claims.

The court on April 29, 1927, made its findings of fact and conclusions of law holding that the appeals taken from the probate court, in so far as they affected the $25,000 claim, were ineffectual for all purposes and that the court did not acquire jurisdiction of the subject matter thereof. The court also held that the $2,520 claim had been proved and ordered judgment for that amount and interest.

On August 29, 1927, plaintiffs made a motion to amend the findings or for a new trial on the grounds: "a. That the decision is not justified by the evidence and is contrary to law; b. Errors of law occurring at the trial and then duly excepted to;" c. The following specific errors of law, in effect: The court erred in holding want of jurisdiction as to the $25,000 claim and in dismissing that cause of action, and in failing to find that the plaintiffs were entitled to judgment for $25,000 and accrued interest.

On September 30, 1927, the district court made its order in all things denying the motion made by plaintiffs. Defendant also made a motion to amend the findings and conclusions of law in so far as

the $2,520 claim was concerned, and on September 30, 1927, the court granted defendant's motion and ordered judgment for the defendant.

Plaintiffs then made a motion for an order vacating and setting aside the findings of fact, conclusions of law and order for judgment as to the second cause of action and granting plaintiffs a new trial thereof, which the court denied on November 1, 1927. Appeal was then taken to the supreme court as first above stated. In this court defendant moved to dismiss the appeal as to the $25,000 claim, filing a brief in support thereof, and oral arguments were permitted.

1 (a)   G. S. 1923, § 8985, reads in part as follows:

"No appeal shall be effectual for any purpose unless the following requisites are complied with by the appellant within thirty days after notice of the order, judgment, or decree appealed from:

"1.   The appellant shall serve a written notice upon the adverse party, his agent or attorney who appeared in court, * * *. Such notice shall specify the order, judgment, or decree, or such part thereof as is appealed from, * * *."

The first notice of appeal from the probate court was ineffectual for any purpose, it not specifying which of the two orders made and filed on April 7, 1926, was appealed from. Had no other attempt to appeal been made, it manifestly would not have covered both claims, nor could either one of them be selected as the one referred to. The second notice of appeal from the order of the probate court on the $2,520 claim gave the court jurisdiction as to that, but both the first and second notices of appeal, taken together, did not make a valid appeal as to the $25,000 claim. Capehart v. Logan, 20 Minn. 395 (442) ; Stellmacher v. Bruder, 93 Minn. 98, 100 N. W. 473; First Unitarian Society v. Houliston, 96 Minn. 342, 105 N. W. 66.

(b)   Appellants contend that jurisdiction as to the $25,000 claim was conferred upon the district court by consent. The claim is based upon the fact that attorneys for defendant admitted due service of the notice of appeal, of the proposed complaint framing issues, and of notice of trial. The record discloses that in correspondence as well as by an insertion in the stipulation for placing

the appeals on the calendar defendant intended to object to the jurisdiction of the court. In the stipulation referred to the words "subject to any motion to dismiss the appeal" were inserted. A letter to plaintiffs' attorney contains the following: "I think one of your notices of appeal was defective. You stated in the notice that the appeal was from a judgment without defining the judgment in any way. The notice of appeal is, of course, jurisdictional, and for. the reason noted, I think the notice is bad." See 1 Dunnell, Minn. Dig. (2 ed.) § 479, et seq. The objection to the jurisdiction of the court was insistently maintained during all proceedings in the district court.

The position taken by appellants as to the conferring of jurisdiction by consent is not tenable. The administration of an estate in probate court is a proceeding in rem. In re Estate of Eklund, supra, p. 28, and cases cited. Authorities relative to conferring jurisdiction of the person only by consent are not controlling in a proceeding in rem. Rules governing the conferring of jurisdiction of the person by consent do not permit the conferring of jurisdiction of the subject matter in a proceeding such as this.

2. No appeal having been taken to this court within the statutory time from the order of the district court dismissing the attempted appeal from the probate court, defendant's motion to dismiss the appeal in this court as to the $25,000 claim should be and is granted. The order of the district court dismissing the attempted appeal as to the $25,000 claim was an appealable order (it finally determining the case). In In re Appeal of Seward, 156 Minn. 229, 194 N. W. 378, it was held: "An order dismissing an appeal to the district court from an order establishing a cartway in township highway proceedings, for jurisdictional defects, is appealable * * * as a final order in a special proceeding." Town of Haven v. Orton, 37 Minn. 445, 35 N. W. 264; Ross v. Evans, 30 Minn. 206, 14 N. W. 897.

3. The defendant having appeared specially and objected to the jurisdiction of the district court and taken an exception to the court's ruling, and the evidence thereafter taken relative to the $25,000 claim being all subject to that objection, and the court

eventually having dismissed the appeal, no trial was had as to that claim; hence a new trial could not be granted. It was held in Dodge v. Bell, 37 Minn. 382, 34 N. W. 739, that "the terms 'new trial,' when used in the statute, mean, as at the common law, a retrial of issues of fact." St. Cloud Common Council v. Karels, 55 Minn. 155, 56 N. W. 592. Although evidence was taken subject to the objection, yet the court in reaching its conclusion should not and did not consider that evidence. The situation was the same as though no evidence had been taken.

"Where an appeal is so dismissed, there being no determination of the merits of the controversy, there is no basis for a motion for a new trial, and when such motion is made, no appeal lies from the order denying it." In re Appeal of Seward, 156 Minn. 229, 194 N. W. 378.

The circumstance that the court in its findings of fact stated that as a matter of law the attempted appeal from probate court as to the $25,000 claim was ineffectual and that the court had not jurisdiction does not affect the situation.

4. The allegations of the complaint as to both causes of action were "that said W. A. Samels wrongfully and unlawfully used and converted to his own use and benefit each of said sums of money." The court found that these allegations had not been proved. The district court, under the authority of Hostetter v. Illinois Cent. R. Co. 104 Minn. 25, 115 N. W. 748, was evidently of the opinion that the conversion must be proved to have been "to his own use" as alleged in the complaint; that proof as to some other conversion would not be sufficient. Such holding was not necessary. The burden of proof was upon the plaintiffs to show a conversion. A careful examination of the evidence convinces us that plaintiffs failed to make the necessary proof as to any conversion by W. A. Samels of the $2,520 claim referred to in the second cause of action.

Appeal dismissed and order affirmed.