## IN RE GUARDIANSHIP OF CLARK ELLSWORTH JAUS. GEORGE E. CARNES, RESPONDENT.[1]

November 6, 1936.

No. 30,887.

[1]Reported in 269 N. W. 457.

*Clair E. Bramer,* for appellant.
*T. O. Streissguth* and *S. P. Gislason,* for respondent.

JULIUS J. OLSON, JUSTICE.

The probate court of Sibley county on July 24, 1935, in proceedings therein pending to wind up the guardianship of appellant's property, he having reached majority, made its final order settling and allowing the final and supplementary accounts of the guardian, respondent here. On August 15 appellant served a notice of appeal from that order. On August 26 the notice with proof of service and an appeal bond were filed in the office of the probate court. That court thereupon made its return to the district court, but the fee for making the return was not paid. On October 12 respondent, appearing specially, moved to dismiss the appeal because appellant had failed to pay the fee of the probate judge for making the return, claiming that this was essential to make the appeal effective under L. 1935, c. 72, § 166 (3 Mason Minn. St. 1936 Supp. § 8992-166). The district court adopted that view and accordingly made an order dismissing the appeal. To set in motion the statute respecting the time within which an appeal might be taken from such order (2 Mason Minn. St. 1927, § 9497), respondent served the statutory notice in that behalf on November 7. On the same day appellant served a notice of motion for "an order vacating the order of dismissal" (that being the order made October 12) ; "further for an order allowing for a hearing on its merits in the above entitled matter." An affidavit was attached setting forth the bases for the desired relief. On November 16, the return day set forth in the notice of motion, the district court made its order denying appellant's motions. The attempted appeal to this court is from the

last named order. There is no appeal from the order made October 12. To be noted also is the fact that appellant had made no application to the district court to vacate provisionally the order of October 12 for the purpose of having resubmitted and reargued the question of the propriety of its original order dismissing the appeal from the probate court. The present appeal was taken December 23, 1935.

Respondent has moved for dismissal of the present appeal upon the theory that the order here for review is not appealable.

■ Unquestionably the order of October 12 was a final order in a special proceeding and as such appealable. 2 Mason Minn. St. 1927, § 9498 (7) ; Ross v. Evans, 30 Minn. 206, 14 N. W. 897; Town of Haven v. Orton, 37 Minn. 445, 35 N. W. 264; In re Appeal of Seward, 156 Minn. 229, 194 N. W. 378; Samels v. Samels, 174 Minn. 133, 218 N. W. 546. "A final order is one that ends a proceeding so far as the court making it is concerned." 1 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 302 (a).

As this order was appealable, it is likewise clear that the time within which an appeal therefrom would lie was limited to 30 days after service of notice of the filing thereof, 2 Mason Minn. St. 1927, § 9497, unless the subsequent motion stayed its effectiveness.

Appellant apparently labored under the misapprehension that an appeal from this order would not lie and that it was necessary for him to make an application to set it aside. In this he was clearly in error. See Dodge v. Bell, 37 Minn. 382, 34 N. W. 739; St. Cloud Common Council v. Karels, 55 Minn. 155, 56 N. W. 592; In re Appeal of Seward, 156 Minn. 229, 194 N. W. 378.

■ Is the order here for review an appealable one? We think that question must be answered in the negative. Insofar as that order denied the motion to vacate the former order it was clearly not appealable. Little v. Leighton, 46 Minn. 201, 48 N. W. 778; Worrlein v. Maier, 177 Minn. 474, 475, 225 N. W. 399; Barrett v. Smith, 183 Minn. 431, 237 N. W. 15, 18. The case last cited goes into our prior cases most thoroughly, and the correct procedure is there pointed out to avoid the pitfall into which appellant has unwittingly fallen. Certain portions of that opinion may be quoted here to advantage [183 Minn. 439] :

"There is force in the argument that any order, in form one denying a new trial, even on a second motion, should be appealable under the statute. It was so held in First Nat. Bank v. Briggs, 34 Minn. 266, 26 N. W. 6. If the court has the power to reconsider, as obviously it has, and does so and again denies the motion, why should there not be an appeal, even though the time for appealing from the first order has expired? The answer is in the statute (G. S. 1923 [2 Mason, 1927] § 9497) terminating the right of appeal 30 days from notice of the order. That period cannot be extended by agreement of the parties or order of court. 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 318. So where the second motion results only in confirming the original order, which has neither been vacated nor appealed from within the time limited by statute, the right to appeal is gone beyond power of recall. We cannot hold that the right of appeal is revived or continued by what at best is merely an unsuccessful motion to vacate the first order. Our law has long been settled to the contrary. [Citing cases.] * * * There would have been no difficulty in this case had there been a vacation (either before or after expiration of the time for appeal) of the order denying defendants' first motion for a new trial, followed by a reconsideration of the merits on defendants' second motion and an order denying that. In such case there could be no question of the right to appeal from the last order. * * * A litigant desiring to renew a motion for new trial should make prompt application for leave to submit the second motion, at the same time asking that if such leave be granted the order denying the first motion be vacated pending the consideration and determination of the second. If on such a motion the judge concludes to reconsider the issue on the merits, he should promptly and without hesitation vacate his first order. Thereby all doubt would be removed. The needful express and certain record would be made. What was intended and done would be made to appear plainly and all question of the right of appeal from the second order removed. It would not be a mere nonappealable refusal to vacate a prior order, but in real substance an order denying a new trial and so appealable. The expiration of the period of appeal cannot sensibly

be left in doubt or at the mercy of an equivocal motion or mere implication from orders not squarely meeting the matter and showing plainly what has been done."

When the order here for review was made there was still time to appeal from the first order, that of October 12, as the notice was not served until November 7; hence an appeal could be taken at any time up to December 7.

Appeal dismissed.