## FLORENCE E. McCRANK v. JAMES F. McCRANK.[1]

June 19, 1953.

No. 36,070.

*Norman H. Nelson, Shure & Shure,* and *Lanier, Lanier & Knox,* for appellant.

*Stiening, Olson & Thysell,* for respondent.

PER CURIAM.

This is a motion on the part of defendant to dismiss an appeal of his former wife from two orders of the district court on the following grounds: (1) Order dated September 15, 1952, with reference to custody of minor children of the parties, on the ground that no appeal was taken from the order within 30 days allowed by law; and (2) order dated December 19, 1952, on the ground that the same is an ex parte order and does not amend or modify any previous order and is therefore not appealable.

Plaintiff brought an action for divorce against defendant in which judgment was entered for her on November 14, 1946. Under a stipulation entered prior to the entry of judgment, custody of the two minor children of the parties was placed in the father of plaintiff. Thereafter, numerous proceedings were had by each of the parties

---

[1]Reported in 59 N. W. (2d) 309.

hereto for custody of the children. The last of these proceedings, instituted by defendant, was set for hearing on October 6, 1951, but the matter was not finally heard until August 14, 1952. On September 15, 1952, the first order was made by the court awarding custody of the children to defendant. That order provided as follows:

"The court having heard the arguments of counsel and the evidence adduced, and having considered the affidavits and files herein, the matter having been finally submitted, it is hereby ORDERED:

"1 That said motion be granted [modifying the original divorce decree]:

"2 That the attached note be and constitute a part of this order:

"3 That defendant's payments to the custodian terminate forthwith; that custody of said minors be awarded defendant on his request, and that the clothing and effects of said children be delivered to defendant at the same time:

"4 That defendant present the two children before this court on a Saturday forenoon in November, 1952, for such further interrogation as the Court may then deem advisable."

The note referred to in paragraph 2 above praised plaintiff's father, who had been custodian of the children, for the fine care he and his wife had taken of the children. It stated that because of the advancing age of the grandparents they should be relieved of the custody. It further stated that defendant had remarried, had a good home, and had complied with the court's orders and that he and his present wife were reputable persons suitable for having custody of the children. It also stated that plaintiff was not a fit person to care for the children; that she had been divorced and had married a third time; and that her reputation for morality and truthfulness was not good.

It will be noted from the order of September 15 that, while the court said "the matter having been finally submitted," it also stated "That defendant present the two children before this court on a Saturday forenoon in November, 1952, for such further interrogation as the Court may then deem advisable." It appears from

the joint affidavit of P. W. Lanier, Jr., and Chas. H. Shure, attorneys for plaintiff, quoting certain pages from the transcript, that at the time of the custody hearing on August 14, 1952, some discussion took place between the attorneys for both parties concerning the court's interviewing the minor children independently and outside the presence of the attorneys for either side. This seems to have been agreed upon. It therefore appears that the hearing in the custody matter was completed on August 14, 1952, with the understanding that the trial judge would interview the minor children sometime thereafter. It next appears from a transcript of the interview that on September 12, 1952, three days prior to the issuance of the order of September 15, the trial court did interview the children. In this interview it appeared that the children referred quite favorably to their mother and showed they preferred living with her and her latest husband at Moorhead to going to live with their father and his present wife. Jimmy, the older boy, was 11 years of age at the time of the interview, and Larry was 7 years of age.

It is the position of defendant that the order of September 15, 1952, was a final order in the matter and that, inasmuch as plaintiff did not appeal from it until January 19, 1953, the appeal should be dismissed. M. S. A. 605.08 provides:

"An appeal from a judgment may be taken within six months after the entry thereof, and *from an order within 30 days after written notice of the same from the adverse party.*" (Italics supplied.)

Defendant further claims that the order of December 19 came about without procurement of either plaintiff or defendant, that the court must have made it on its own motion, and that it is therefore an ex parte order and not appealable.

The rule with reference to appeals from ex parte orders seems well established. 1 Dunnell, Dig. (3 ed.) § 303, states:

"As a general rule no appeal lies from an ex parte order. To allow an appeal from such orders would violate the fundamental

principle of appellate procedure that the appellate court should only review questions already considered and determined by the lower court on the merits." See cases cited.

It is defendant's position that, inasmuch as the order of September 15 was not timely appealed from, the right of appeal was lost and that there is no right of appeal from the order of the court dated December 19 because the same is in the nature of an ex parte order in that it does not pass upon or review the matter contained in the September 15 order but merely adds a paragraph granting visitation rights to the grandparents and mother of the children.

Plaintiff, in resisting the motion to dismiss, argues that the order of December 19, 1952, rather than being an ex parte order, amended the order of September 15 so that the December 19 order became a part of the September 15 order.

It is our opinion that the order of September 15, 1952, was final and that the appeal should be dismissed for lack of timely appeal from that order. While it is true that the order of December 19 does state that the former order is amended by adding the paragraph with reference to rights of visitation, the fact remains that it does not further pass upon or review the matters contained in the September 15 order. It does not take away any of the rights granted defendant in that order. It merely grants plaintiff some additional privileges by way of visitation rights. Although the order of September 15 did require that defendant present the children before the court on a Saturday forenoon in November 1952, the record shows that the court did interview the children on September 12 prior to the issuance of the first order, as apparently agreed upon between the attorneys at the August 14 hearing, so plaintiff has no cause for complaint in that respect. It also appears, in the order of September 15, that the court considered that the matter had been finally submitted. It is not in the power of a party to extend the statutory period for appealing from an order by his own act, nor has the court the power, by an order made for that purpose, to grant an extension of such period. First Nat. Bank v. Briggs, 34 Minn. 266, 26 N. W. 6.

While the matter before us concerns an order of the district court, and analogy may be drawn to a judgment with respect to which the court said in Fidelity-Philadelphia Trust Co. v. Brown, 181 Minn. 466, 470, 233 N. W. 10, 11:

"A practice to prolong the statutory time for taking an appeal by making dilatory motions to amend a final judgment should not be encouraged."

Appeal dismissed.

MR. JUSTICE DELL took no part in the consideration or decision of this case.