FRONTIER LUMBER AND HARDWARE, INC. v.
DUANE DICKEY, d.b.a. DICKEY
CONSTRUCTION COMPANY.

183 N. W. (2d) 788.

January 15, 1971—No. 42339.

*Lyle R. Morris,* for appellant.
*Kelly, Odell, & Penberthy,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Kelly, and Frank T. Gallagher, JJ.

KELLY, JUSTICE.

Appeal from an order denying a motion to vacate a summary judgment.

Plaintiff, Frontier Lumber and Hardware, Inc., instituted this action against Duane Dickey, doing business as Dickey Construction Co., for $6,391.85 for goods, wares, and merchandise sold to defendant, plus $945.02 for interest. The defendant answered,

denying generally the allegations contained in plaintiff's complaint and admitting that defendant was indebted to the plaintiff for goods, wares, and merchandise but stating that defendant did not have an opinion as to the exact amount due.

Plaintiff served a motion for summary judgment on defendant and then canceled the notice of motion and served a new notice of motion, with the hearing to be held on September 9, 1969. The defendant's attorney failed to appear at the hearing. Plaintiff submitted several affidavits which established that defendant did not at any time dispute the quality or quantity of goods, wares, and merchandise delivered to him by plaintiff and that defendant acknowledged on several occasions that he owed the money. The order for summary judgment was filed on September 16, 1969. A month later defendant served a notice of motion and motion to vacate the summary judgment and a hearing on the said motion was held October 22, 1969. The motion to vacate was denied, resulting in this appeal.

If the appeal be considered one from an order denying a motion to vacate a summary judgment upon grounds reviewable by appeal from the judgment, the order is nonappealable. If we treat the judgment as equivalent to one by default for failure to appear, the case is governed by Croes v. Handlos, 225 Minn. 247, 30 N. W. (2d) 471.

The rules governing the opening of default judgments set forth in Rule 60.02, Rules of Civil Procedure, are construed in Johnson v. Nelson, 265 Minn. 71, 120 N. W. (2d) 333. In the instant case the grounds asserted are mistake and inadvertence because the date for the hearing on the summary judgment motion was incorrectly marked on the calendar of appellant's attorney. Appellant further claims that he has a defense to part of plaintiff's complaint. In the Johnson case we reiterated the conditions governing the opening of default judgments, pointing out that there must be a showing that defendant "(a) is possessed of a reasonable defense on the merits, (b) has reasonable excuse for his failure or neglect to answer, (c) has acted

with due diligence after notice of the entry of judgment, and (d) that no substantial prejudice will result to the other party." 265 Minn. 73, 120 N. W. (2d) 335.

Under District Court Rule 22 (Minn. St. 1969, p. 5724), a petition to open a default judgment must be accompanied by an affidavit of merits. We stated in Grady v. Maurice L. Rothschild & Co. 145 Minn. 74, 75, 176 N. W. 153, 154:

"* * * And, to the end that a defaulting defendant may not trifle with the court, it is required that he shall in some manner, in good faith, make a showing of facts, which if established will constitute a good defense. * * * Sound practice requires, as a showing, something more than unverified answer or unverified statement. The most satisfactory showing of merit is the well recognized affidavit of merits."

We have held that the necessity for an affidavit may be waived where a valid defense is presented in the answer and is verified by personal knowledge. Peterson v. W. Davis & Sons, 216 Minn. 60, 63, 11 N. W. (2d) 800, 802. Here, however, the answer was not verified and neither defendant nor his attorney made an affidavit of merit as such. An affidavit of defendant's attorney was given to the trial court in support of the motion to vacate the judgment. However, neither this affidavit nor the answer contains any showing of facts that defendant has a defense on the merits. Nor does this affidavit show "that no substantial prejudice will result to the other party" by a vacation of the judgment.

The opening of a default judgment lies almost wholly in the discretion of the trial court and its action will not be reversed on appeal except for a clear abuse of discretion. We conclude that there was a reasonable exercise of discretion in this case.

Affirmed.