EDITH G. MOREY v. INDEPENDENT SCHOOL
DISTRICT NO. 492, AUSTIN.

244 N. W. 2d 632.

June 25, 1976—No. 46066.

*Connolly & Heffernan* and *John S. Connolly,* for appellant.
   *Farrish, Johnson, Maschka & Hottinger, R. G. Johnson, William B. Korstad, Alderson, Catherwood, Ondov & Leonard,* and *Raymond B. Ondov,* for respondents.

PER CURIAM.

This action was commenced in March 1972 to recover damages for an alleged wrongful breach in 1970 of plaintiff teacher's contract. The action lay dormant until defendants moved for and obtained summary judgments in February 1974. Plaintiff's appeal to this court was dismissed for failure to perfect a timely appeal. Thereafter, plaintiff by motion before the district court pursuant to Rule 60.02, Rules of Civil Procedure, sought an order vacating the summary judgments. The trial court refused to order vacation on the grounds that the motion was not brought within a reasonable time, and that the plaintiff had "failed to prove the necessary grounds" authorizing vacation of a judgment.

In granting summary judgment, the trial court made two specific findings which for the first time were attacked by the plaintiff in the motion to vacate. On this motion, plaintiff filed an affidavit in which she contended that the school district failed to comply with the provisions of Minn. St. 125.12, subd. 8, in the termination of her contract in 1970. She alleges that the original resolution of June 2, 1970, was not a proposed termination but an immediate termination contrary to the statute and that the school board failed to notify her of the charges or give her an opportunity to be heard.

The trial judge's denial of the motion to vacate was accompanied by a comprehensive explanatory memorandum. Recognizing the serious issues of fact raised by plaintiff to establish the merits of her claim, he stated that had these been presented to the court at the time of the summary judgment, the motion for summary judgment in all probability would not have been granted.

The trial judge then stated that the real issue raised by plaintiff's motion to vacate was whether defendants affirmatively misrepresented material facts causing the trial court to be misled. The nature of these facts and his analysis of them are best stated by quoting a portion of his memorandum:

"In viewing the affidavit of the various school board members filed in connection with the Summary Judgment hearing, together with the facts now before the Court on the current Motion to Vacate, the Court is of the opinion that the Plaintiff Morey *has not shown by clear and convincing evidence* that the Defendants (or their attorneys) intentionally misled the Court at the Summary Judgment hearing in such a manner as to constitute a fraud upon the Court. Much time and consideration has been spent by this Court reviewing the facts as presented at the Summary Judgment hearing and these facts now before this Court. The Court was faced with a decision requiring much careful analysis for certain discrepancies do appear in the School Board members' affidavits as compared to what apparently actually transpired in June and July of 1970. This can be seen in two material statements made by the Defendants to the Court:

"First, the affidavit of the School Board members, dated January 4, 1974, did state that 'Edith Morey *received notification* of her proposed discharge as set forth in the letter dated June 2, 1970 . . . more than 10 days prior to July 15, 1970.' (Underlining added.) While the evidence does now establish that the notice of proposed discharge was actually sent to Plaintiff Morey by registered mail, it is also clear that she did not actually receive it. The facts are in dispute as to why she did not

receive it. Thus the School Board members' conclusion that she received the notification was incorrect. However, had the School Board simply stated that the Notice of Charges was duly mailed without [stating] that it was received, the Court's ruling at the Summary Judgment hearing would have been no different, assuming, of course, that the Plaintiff did not appear to contradict the facts. There is no dispute that the Notice of Charges was properly addressed to the Plaintiff and did bear her correct mailing address.

"The second major statement concerns the representations by individual School Board members at the Summary Judgment hearing that 'To the best of my knowledge, information, and belief, Edith Morey *did not request a hearing* before the School Board at any time between the dates of June 2, 1970, and July 15, 1970, inclusive.' (Underlining added.) Whether or not there was a request for a hearing is subject to interpretation. There is no dispute that a letter was received by the Board from Edith Morey dated June 19, 1970, wherein she stated:

'This missive is to re-affirm my continuing objections to matters heretofore expressed and is a continuing protest . . . .

'I do also hereby re-emphasize my repeated request for justice.'
This letter was not brought to the Court's attention by the Defendants at the Summary Judgment hearing. This letter is subject to differences in opinion as to whether or not the words 'repeated request for justice' should be viewed as a request for a hearing pursuant to M.S.A. 125.12 (8). See *Zeller vs. Prior Lake Public Schools, Independent School District No. 719, Scott County,* 259 Minn. 487, 108 N. W. 2d 602 (1961). However, the Board's members' interpretation that it was not a request for a hearing was not unreasonable, particularly in view of the fact that the Board had received other telegrams from Plaintiff Morey 'requesting justice' prior to her contract being terminated. (March, 1970, and May, 1970.) The Board's apparent conclusion that the June 19th letter was not a request for a hearing was within reason and, thus, it was not a fraud upon the Court to state that no request for a hearing had been made. * * *

"The above-mentioned statements made by Defendants are the only two areas in which the Court is of the opinion that the possibility of fraud could in any sense be considered to exist. The other allegations of the Plaintiff concerning possible fraud are without merit. While the Plaintiff has raised doubts concerning the use of the word 'proposed' in the various School Board resolutions and whether or not the June 2d resolution was immediate or a proposed termination, she has not in her affidavit demonstrated that fact by clear and convincing evidence.

Most of her averments on this issue are based on hearsay and facts not admissible into evidence."

We adopt as our views those matters in the foregoing statement of the trial court.

It is troublesome that the merits of plaintiff's claim have never been heard or determined. However, a review of what is before us is as convincing to us as it was to the trial court that the reason for the failure to be heard was the fault of plaintiff. Her conduct denied her the opportunity of a hearing on the merits. Numerous unexplained delays and procedural errors marked plaintiff's conduct throughout this matter. Her claims were based largely on hearsay evidence. Defendants' rights to terminate this matter must also be considered.

Upon this record, the issue presented called for an exercise of the trial court's discretion. We find no abuse of discretion and must affirm. Frontier Lbr. & Hardware, Inc. v. Dickey, 289 Minn. 162, 183 N. W. 2d 788 (1971).

Affirmed.