**Glenn S. PARSON, et al., Respondents,**

v.

**Helen ARGUE, Appellant.**

**No. CX–84–46.**

Court of Appeals of Minnesota.

Feb. 22, 1984.

Richard R. Doran, Columbia Heights, for appellant.

Barry L. Blomquist, North Branch, for respondents.

Considered and decided by POPOVICH, C.J., PARKER and WOZNIAK, JJ.

## MEMORANDUM OPINION AND ORDER

POPOVICH, Chief Judge.

### Facts

This matter arises out of a dispute of a real estate sale in Chisago County. An order for summary judgment was granted to respondents July 15, 1983. Appellant Argue then sought amended findings of fact, conclusions of law, and order or a new trial. That motion was denied on December 2, 1983 and the order was served on appellant on December 9, 1983.

On January 6, 1984, this appeal was filed. The notice of appeal states that the appeal is taken pursuant to Rule 103.03(e), Minn.R.Civ.App.P. Respondents now seek dismissal of the appeal as from a non-appealable order.

### Analysis

1. Appellant said the appeal is taken pursuant to Rule 103.03(e) which provides for appeal from an order "which, in effect, determines the action and prevents a judgment from which an appeal might be taken."

2. In the author's comments to Rule 103.03, Minn.R.Civ.App.P., Hetland and Adamson said:

"If there never was a trial (i.e., dismissal prior to trial, summary judgment, etc.), a motion for a 'new trial' is an anomaly and an order denying such a motion is not appealable. *Samels v. Samels*, 174 Minn. 133, 218 N.W.2d [N.W.] 546 (1928); *Dodge v. Bell*, 37 Minn. 382, 34 N.W.2d [N.W.] 739 (1887)." Hetland & Adamson, *Minnesota Practice*, Volume 3, at 279.

3. In *Frontier Lumber and Hardware, Inc. v. Dickey,* 289 Minn. 162, 183 N.W.2d 788 (1971), the Minnesota Supreme Court held that an order denying a motion to vacate summary judgment is non-appealable because it would have been reviewable by appeal from the judgment.

4. Although the motion of appellant before the trial court was termed a motion for a new trial, because there was no trial it was, in effect, a motion to vacate the summary judgment. An order denying such a motion is not appealable.

5. In *Weinzierl v. Lien,* 296 Minn. 539, 209 N.W.2d 424 (1973), the supreme court held that an order is not appealable unless it, in effect, finally determines the action or finally determines some positive legal right of the appellant relating to the action. However, the court stated that an order reinstating findings of fact, conclusions of law and an order for judgment cannot be given a different effect than one denying a motion to amend such an order. The court then dismissed the appeal from the order reinstating the findings.

6. The December 2 order of the trial court denying the motion for amended findings of fact, conclusions of law, judgment or new trial does not fall within the parameters of Rule 103.03(e) as it merely upheld the order for summary judgment of July 15, 1983.

### Decision and Order

The order of the trial court denying appellant's motion for amended findings of fact, conclusions of law, judgment or new trial dated December 2, 1983 is non-appealable. This appeal, not being from the judgment itself, is dismissed.