JOHNSON MOTOR COMPANY, INC., Appellant,

v.

Willie CUE, defendant/debtor, Respondent,

v.

NORTHERN LIFE INSURANCE COMPANY, Respondent.

No. C6–84–111.

Court of Appeals of Minnesota.

July 31, 1984.

Review Denied Oct. 11, 1984.

Michael B. LeBaron, Steven P. Hoge, Arnold & McDowell, Minneapolis, for appellant.

Bradley N. Beisel, Scholle & Scholle, Minneapolis, for Willie Cue, defendant/debtor, respondent.

Peter G. Van Bergen, Cousineau, McGuire, Shaughnessy & Anderson, Chartered, Minneapolis, for Northern Life Ins. Co., respondent.

Heard, considered and decided by PARKER, P.J., and FORSBERG and CRIPPEN, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from an order of the trial court denying appellant-creditor's motion to bring a supplemental complaint against respondent-garnishee pursuant to Minn.Stat. § 571.51 (1982). We affirm.

## FACTS

On May 4, 1983 a judgment in the amount of $45,613.39 was entered in favor of the appellant-creditor, Johnson Motor Company, Inc., and against defendant Willie Cue. The appellant subsequently served a Garnishment Summons and Notice, Garnishment Disclosure and Interrogatories upon the respondent-garnishee, Northern Life Insurance Co. The respondent returned a Sworn Garnishment Disclosure stating that no money or property was owed to the defendant-debtor; however, approximately two weeks later the respondent returned Answers to Interrogatories indicating that it owed the debtor $750.00 per month for 10 years on an annuity policy.

On October 3, 1983 the defendant-debtor petitioned for bankruptcy. Several days later the appellant-creditor filed with the district court a Notice of Motion and Motion for leave to serve a supplemental complaint upon the respondent-garnishee under Minn.Stat. § 571.51 (1982), which provides in relevant part:

> [W]here the garnishee denies liability, the judgment creditor may move the court at any time before the garnishee is discharged * * * for leave to file a supplemental complaint making the latter a party to the action * * * Such issues shall be brought to trial and tried as in other actions.

The district court, by order of December 12, 1983, denied appellant's motion, explaining that the automatic stay imposed by the filing of bankruptcy "acts as a bar to recovery from garnishee since any judgment

against the garnishee does not reach his independent assets but only those assets which are due the judgment debtor."[1]

## ISSUES

1. Whether the order of the trial court denying the appellant's motion is an appealable order.

2. Whether a motion for leave to serve a supplemental complaint against a garnishee which seeks to reach the independent assets of the garnishee is barred by the automatic stay provisions of the Bankruptcy Code.

## ANALYSIS

### I.

Minn.Stat. § 571.64 (Supp.1983) provides that "[a]ny party to a garnishment proceeding deeming himself aggrieved by any order or final judgment may appeal as in other civil cases." Thus, appeals may be taken only as allowed by Rule 103, Minn.R. Civ.App.P.

Rule 103.03(e) allows a party to appeal "from an order which, in effect, determines the action and prevents a judgment from which an appeal might be taken." Rule 103.03(g) allows an appeal from a "final order * * * affecting a substantial right made in [a] * * * special proceeding * * *" A garnishment action has been held to be a "special proceeding," *Chapman v. Dorsey*, 230 Minn. 279, 41 N.W.2d 438 (1950). A "final" order has been defined as "one that ends a proceeding so far as the court making it is concerned." *In re Guardianship of Jaus*, 198 Minn. 242, 244, 269 N.W. 457, 458 (1936), quoting 1 Dunnell, Minn. Digest (2d Ed. & Supps. 1932, 1934) § 302(a).

The Minnesota Supreme Court has upon several occasions considered appeals from orders denying a party leave to file a supplemental complaint. In *Wipperman Mercantile Co. v. Jacobson*, 133 Minn. 326, 158 N.W. 606 (1916) a party was allowed to

---

**1.** Although the trial court's memorandum was not incorporated by reference into the court's order, an appellate court may review the memorandum to explain the order. *Merriman v. Sandeen*, 267 N.W.2d 714 (Minn.1978).

appeal from the denial of a motion to serve a supplemental complaint where the denial was based upon the fact that the notice of motion had not been properly served upon the defendant and also upon a determination that the creditor was estopped from maintaining the proceeding by a judgment rendered in a foreign court. The court in *Polzin v. Merila*, 258 Minn. 93, 103 N.W.2d 198 (1960) allowed an appeal from an order denying a motion to serve a supplemental complaint where the affidavit failed to demonstrate the garnishee's liability to the debtor.

■ In the present situation the trial court's order was no less final. The order unequivocally denied appellant leave to serve its supplemental complaint upon the respondent. Under the reasoning of the *Wipperman* and *Polzin* decisions, the trial court's order in this instance is appealable.

## II.

■ The trial court determined that the appellant could not bring a supplemental complaint against the respondent-garnishee because that complaint would not actually be seeking to recover the assets of the garnishee but, rather, would be an action to recover the assets of the debtor, which had been subjected to the automatic stay of the Bankruptcy Code, 11 U.S.C.A. § 362. The appellant claims that this conclusion was erroneous, and that Minn.Stat. § 571.-51 allows a creditor to reach the independent assets of a garnishee who has wrongfully denied liability. Caselaw indicates that the trial court's interpretation of the basis of a supplemental complaint proceeding was correct.

■ A proceeding upon a supplemental complaint has been stated to be a continuation of the garnishment proceedings and not a commencement of a separate action. *Gilloley v. Sampson*, 203 Minn. 233, 281 N.W. 3 (1938). The purpose of the proceeding is to traverse the nondisclosure of the garnishee (by demonstrating liability) and to carry forth the garnishment pro-

ceedings. *Id.* The basic purpose of a garnishment proceeding is "to attach assets in the hands of a garnishee *without in any manner impairing the rights of the garnishee or placing him thereby in a worse position than he would have been had he been sued directly by the defendant."* *Henderson v. Northwest Airlines, Inc.,* 231 Minn. 503, 507, 43 N.W.2d 786, 790 (1950). (Emphasis in original.) The garnishment does not change the rights of the parties; the creditor acquires the same but no greater right than the debtor has against the garnishee. *Polzin v. Merila,* 258 Minn. 93, 103 N.W.2d 198 (1960).

*Johnson v. Dutch Mill Dairy, Inc.,* 237 Minn. 117, 54 N.W.2d 1 (1952), cited by the parties, is distinguishable from the present situation. In *Johnson,* the garnishee bank had disclosed an amount which it owed the debtor, but despite notice that the funds should be impounded the bank allowed the debtor to withdraw those funds from his account. The *Johnson* court concluded that "[i]n paying over the garnished funds to defendant's order, the bank did so at its own risk and was not relieved from liability [for payment of those funds to the creditor]." *Id.,* at 121, 54 N.W.2d at 3. It is clear that the bank in *Johnson* was held liable to the creditor because it had wrongfully allowed the debtor access to the impounded funds, and was required to *replace* those funds. In the present situation, however, the garnishee has not actually lost the amount owed the debtor but, rather, payment of those funds has been stayed by operation of the Bankruptcy Code. Thus, the garnishee is still liable to the debtor for those amounts, although payment has been stayed. If the garnishee were also personally liable to the creditor for the same amount, as the appellant-creditor claims, that double liability would certainly impair the rights of the garnishee, in contravention of the statute's purpose. As noted in *Minneapolis, St. Paul & Sault Ste. Marie Railway Co. v. Pierce,* 103 Minn. 504, 508–509, 115 N.W. 649, 651 (1908):

"In seeking for the meaning of a statute, it is proper to consider the result which would follow a particular construction. The legislature cannot be presumed to intend to bring about an absurd or unjust condition. The garnishment statutes are designed to protect creditors without injustice to debtors or garnishees.

Minn.Stat. § 571.54 (1982) states:

Judgment against a garnishee shall be rendered, if at all, for the amount due the judgment debtor, or so much thereof as may be necessary to satisfy the judgment creditor's judgment against such judgment debtor, with costs taxed and allowed in the proceeding against the garnishee but not to exceed 110 percent of the amount claimed in the garnishee summons. Such judgment shall acquit and discharge the garnishee from all claims of all the parties named in the process in and to the property or money paid, delivered, or accounted for by such garnishee by force of such judgment.

As the trial court noted, the above language suggests that it is not the assets of the garnishee which may be used to satisfy a judgment creditor's claim, but the assets of the debtor which are in the garnishee's possession.

Finally, it must be noted that although the respondent did deny liability to the defendant-debtor in its original garnishment disclosure form, it shortly thereafter admitted liability in its answers to interrogatories. In addition, a later garnishment disclosure submitted by the respondent prior to the debtor's petition in bankruptcy and the appellant's motion to file the supplemental complaint, disclosed the contested liability.

## DECISION

The trial court correctly determined that a supplemental complaint filed by a creditor can only reach the assets which a garnishee owes a debtor, and not the personal assets of the garnishee. Affirmed.