WAYNE WILLIAM MILNER, BY HIS FATHER AND NATURAL GUARDIAN, AYMOND MILNER, AND ANOTHER
v. RICHARD EMIL HALLER.

206 N. W. 2d 924.

April 27, 1973—No. 43503.

---

*Carroll, Cronan, Roth & Austin* and *Frank X. Cronan,* for appellant.
*George G. McPartlin,* for respondents.

Heard before Knutson, C. J., and Peterson, Todd, and MacLaughlin, JJ.

PER CURIAM.

Defendant appeals from an order[1] denying his motion to set aside an order for a default judgment in favor of plaintiffs. The only issue is whether the order was a proper exercise of the court's discretion. We hold that it was and affirm.

Plaintiff Wayne Milner, a minor, was driving a car owned by his father, plaintiff Aymond Milner, when it collided with a vehicle operated by defendant on Highway No. 12, early in the morning on January 4, 1970. Defendant was a resident of Wisconsin, and plaintiffs accordingly commenced this action under Minn. St. 170.55 by serving a copy of the summons and complaint on the commissioner of public safety and mailing a copy to defendant at his last known place of address on February 23, 1971.

An adjuster for defendant's insurer communicated with plaintiffs shortly after the accident. On three occasions plaintiffs' counsel wrote the insurance company but no affirmative action was taken by the company except to request, by letter dated August 2, 1971, a copy of the summons and complaint. Counsel promptly furnished a copy, advising the company that he was about to enter a default judgment. On August 26, 1971, the court issued findings of fact, conclusions of law, and order for judgment by default against defendant, awarding Wayne Milner the sum of $1,000, and his father, Aymond Milner, the sum of $2,524.56. Defendant forthwith moved to set aside the order for default judgment and appeals from the order denying such relief.

The criteria for opening judgments and orders are set forth in Rule 60.02, Rules of Civil Procedure. Ordinarily the rules should be liberally construed. Here, however, defendant's affidavit in support of the motion merely states that he never received the *original* summons and complaint, which, of course, is not necessary to obtain jurisdiction under the statute. Although defendant stated in his affidavit that he had a valid defense, he failed to set forth the facts which he proposed

---

[1] The order from which defendant appeals is nonappealable as a matter of right since it is, in effect, an order denying a motion to vacate a nonappealable order. Cf. Cohen v. Globe Business Sales, Inc. 282 Minn. 540, 166 N. W. 2d 704 (1969); Chapman v. Dorsey, 230 Minn. 279, 41 N. W. 2d 438 (1950). However, since the judgment would be appealable we are granting discretionary review.

to prove. After nearly a year and a half of fruitless negotiations, it was not unreasonable for plaintiffs' counsel to seek entry of default judgment. The record compels our conclusion that defendant's failure to interpose an answer was occasioned by inexcusable neglect rather than by mistake, inadvertence, or surprise. Accordingly, the order is affirmed.

Affirmed.