**Genevieve SAND, Appellant,**

v.

**SCHOOL SERVICE EMPLOYEES UNION, LOCAL 284, Defendant and Third Party Plaintiff, Respondent,**

v.

**ANOKA–HENNEPIN INDEPENDENT SCHOOL DISTRICT, No. 11, Third Party Defendant.**

No. C2–86–1471.

Court of Appeals of Minnesota.

March 10, 1987.

Review Denied April 29, 1987.

Roderick J. Macpherson III, Macpherson & Fellman, Minneapolis, for appellant.

Lawrence P. Zielke, Richfield, for respondent.

Patricia A. Maloney, Knutson, Flynn & Hedlund, St. Paul, for third party defendant.

Heard, considered and decided by HUSPENI, P.J., and PARKER and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Genevieve Sand seeks review of an order denying her motion to vacate the judgment dismissing her claim against respondent School Service Employees Union, Local 284. Sand claims the judgment should be vacated because the order compelling arbitration stayed district court proceedings and because she demonstrated excusable neglect. We reverse.

## FACTS

Respondent Anoka-Hennepin Independent School District, No. 11 employed appellant Genevieve Sand in a clerical/secretarial position. The district terminated Sand from her position and she filed a grievance. Respondent School Service Employees Union, Local 284 agreed to process Sand's grievance and did complete three of the four steps involved in the grievance process.

The fourth step of the process was to take the matter to binding arbitration. After the union refused to take the matter to arbitration, Sand commenced this action against the union for breach of duty of fair representation. Sand alleges the union's failure to take her grievance to binding arbitration is a violation of their collective bargaining agreement. Because Sand's complaint requested reimbursement for lost wages and benefits, the union interposed a third party complaint against the school district. The union alleged the school district is responsible for any judgment for lost wages or benefits.

The union moved for summary judgment and, in the alternative, to compel the school district to arbitrate Sand's dismissal. The trial court denied summary judgment but granted the motion to compel arbitration. The arbitrator ruled that the grievance was arbitrable and scheduled a hearing on the merits for August 1986. The matter never came to arbitration, however, because Sand and the school district reached a settlement prior to the hearing date. Sand executed a *Pierringer* release in settlement with the school district, protecting her claims against the union.

Meanwhile judgment was entered on July 2, 1986, dismissing Sand's lawsuit against the union. The court dismissed the action with prejudice pursuant to the order of the Hennepin County District Court dated April 10, 1985. The April 10 order stated:

Cases filed with the Court prior to July 1, 1985 but not certified ready for trial, will be activated effective July 1, 1985, for the purposes of the initial filing date. All cases activated on this date will be dismissed on July 1, 1986, unless a Note of Issue/Certificate of Readiness has been filed or the case has been continued prior to the expiration of 12 months, under Rule 41.02, Rules of Civil Procedure.

Sand's attorney did not file the requisite note of issue because he believed it was unnecessary to do so. Sand contends the order for arbitration stayed the district court action. She claims that because of the stay, the April 10 order could not have activated her case.

After receiving notice of the dismissal on July 7, 1986, Sand filed a motion to vacate the following day. The court denied relief from the dismissal in its order dated July 22, 1986. Sand appeals from the judgment and seeks review of the July 22 order pursuant to Minn.R.Civ.App.P. 103.04. She claims her lawsuit should not have been dismissed because the order compelling arbitration stayed the judicial proceedings pending completion of arbitration. Additionally, she claims she satisfied the test

under Minn.R.Civ.P. 60.02 for relief from a final judgment.

## ISSUES

1. Does an order compelling arbitration stay a pending district court action?

2. Did the trial court abuse its discretion in denying appellant's motion to vacate judgment?

## ANALYSIS

1. A party seeking arbitration may apply to the court for an order compelling arbitration. Minn.Stat. § 572.09 (1986). An order compelling arbitration stays pending judicial proceedings in the following manner:

Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this section or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay.

Minn.Stat. § 572.09(d) (1986).

In this case, the order for arbitration contained no language whatsoever referring to a stay of judicial proceedings, in whole or in part. Sand claims the language of the statute is clear and requires an automatic stay in proceedings. Furthermore, she claims the language in the statute referring to severable issues is inapplicable here. The language in the first portion of the statute is mandatory. It states that "[a]ny action or proceeding involving an issue subject to arbitration *shall* be stayed * * *." *Id.* (emphasis added). However, the second portion of the statute referring to severable issues is permissive. It states that "if the issue is severable, the stay *may* be with respect thereto only." *Id.* (emphasis added). Thus, because the trial court failed to exercise its permissive authority, Sand claims the stay should not be limited.

However, Sand fails to point out section 572.09(d) also requires that "[w]hen [an]

application is made in such action or proceeding, the order for arbitration shall include such stay." No language in the court's order or memorandum mentions a stay of judicial proceedings. Accordingly, we find the order compelling arbitration did not stay the pending district court action.

■ 2. A court may relieve a party from a final judgment for "mistake, inadvertence, surprise or excusable neglect" or "any other reason justifying relief from the operation of the judgment." Minn.R.Civ.P. 60.02. A party seeking to set aside a judgment must show a reasonable defense on the merits, a reasonable excuse for its failure or neglect to act, that it has acted with due diligence after notice of entry of judgment, and that no substantial prejudice will result to the opponent. *Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 30, 53 N.W.2d 454, 455–56 (1952). Trial courts applying this test to open judgments further a liberal policy favoring the trial of causes on their merits. *Id.*

However, the right to be relieved of a judgment is not absolute. *Howard v. Frondell*, 387 N.W.2d 205, 207 (Minn.Ct. App.1986) *pet. for rev. denied* (Minn. July 31, 1986). The decision to vacate a judgment is largely within the trial court's discretion and that decision will not be reversed on appeal absent a clear abuse of discretion. *Id.* at 207–08. Sand contends the trial court abused its discretion in denying her motion and by failing to apply the *Hinz* test. She claims she has met the four elements required to vacate a judgment.

■ Sand claims she has a reasonable claim on the merits in that the union breached its duty of fair representation by mishandling the grievance and arbitration proceedings. She claims damages for lost wages and benefits. Unions have a duty to fairly represent their employees and have a fiduciary duty to protect the interests of their members. *Eisen v. State, Department of Public Welfare*, 352 N.W.2d 731, 735 (Minn.1984). The trial court denied the union's motion for summary judgment, apparently believing that Sand had established a prima facie case. Because Sand

may have a valid claim for breach of the union's duty of fair representation, Sand has complied with the first element.

Sand clearly satisfied the factor requiring due diligence. Upon receiving notice of the default judgment she immediately filed a motion to vacate the judgment the next day.

Sand also claims that the respondents will suffer no substantial prejudice if the judgment is vacated. It is true that some prejudice is inherent in every delay. *Vrooman Floor Covering Inc. v. Dorsey*, 267 Minn. 318, 320, 126 N.W.2d 377, 378 (1964). Because respondents cannot cite prejudice other than the added expense incurred by reason of these proceedings, Sand has met this requirement.

Finally, Sand claims she has a reasonable excuse for failure to file the necessary documents. Apparently Sand's attorney had several other cases pending in Hennepin County which were activated pursuant to the April 10, 1985 order. In these other cases, the attorney claims he filed the requisite documents to avoid dismissal. However, in this case the attorney claims it was reasonable to assume that Minn.Stat. § 572.09(d) automatically stayed the district court proceedings. Thus, the April 10, 1985 order could not have activated the case on July 1, 1985 as it purports to do. Although we hold the proceedings were not stayed, it was reasonable of Sand to interpret the statute otherwise and believe proceedings would be stayed.

*Hinz* and its progeny have generally applied rule 60.02 to default judgments. *See Valley View, Inc. v. Schutte*, 399 N.W.2d 182 (Minn.Ct.App.1987); *Gelco v. Crystal Leasing*, 396 N.W.2d 672 (Minn.Ct.App. 1986). In this case, Sand did not default, but instead had her case dismissed under the new Hennepin County District Court case-management system. Rule 60.02 relief is not limited to default judgments. While we understand the district court's concern in activating stagnant cases, the particular facts of this case require reversal.

## DECISION

Minn.Stat. § 572.09(d) (1986) requires an order staying judicial proceedings in cases such as this. The order here simply does not contain any language staying the proceedings. For this reason we hold that the proceedings were not stayed. However, we hold that it was a reasonable excuse under these circumstances for Sand to believe the proceedings would be stayed and that she has satisfied all elements of the test for relief from a judgment. We reverse the trial court's dismissal.

Reversed.