**REARDON OFFICE EQUIPMENT, Respondent,**

v.

**Michael NELSON, et al., Appellants.**

**No. C0-87-183.**

Court of Appeals of Minnesota.

July 7, 1987.

Anthony S. Aspnes, Levin, Roers, Quigley & Aspnes, P.A., Minneapolis, for respondent.

Zenas Baer, Janis Clay, Wefald & Baer, Hawley, for appellants.

Heard, considered and decided by FOLEY, P.J., FORSBERG and STONE, JJ.*

## OPINION

FORSBERG, Judge.

Approximately one year into lease payments on a contract to lease a copy machine, appellants realized they were being charged for more than they believed they had agreed to pay, so they returned the machine to respondent Reardon Office Equipment and made no further payments. Respondent served appellants with a summons and complaint seeking the balance due and owing for the copier on April 1, 1986. On April 28, 1986, without prior notice to appellants, respondent moved for and was granted a default judgment in Hennepin County District Court. Respondent proceeded to garnish appellants' bank account, returning the writ of execution to Hennepin County wholly satisfied on July 15, 1986.

Appellants subsequently filed a motion to vacate the default judgment on September 9, 1986. The trial court denied the motion for want of jurisdiction. We reverse.

---

## FACTS

Appellants Michael and Mark Nelson are custom cabinet builders, d/b/a Hill Cabinets, located near Lake Park, Minnesota. In March of 1983, the Nelsons leased a copy machine from Reardon Office Equipment of Moorhead, Minnesota. The lease agreement set out the "total cost" of the copier ($2,395.00) and the monthly payment schedule ($100.27 each month for 36 months).

Appellants made 12 payments before realizing the total cost of the machine was over $3,600 and not $2,395 as stated on the lease agreement. Appellants stopped making payments and returned the machine to respondent.

On April 1, 1986, respondent served appellants with a summons and complaint, seeking what was claimed to be the balance owing on the lease contract, plus attorney's fees. Appellant Mark Nelson telephoned respondent's attorney on April 8 to inform them that the amount stated as owing in the complaint was incorrect. The substance of that conversation is disputed. Mark Nelson claims he attempted to explain why they disputed the amount of the debt, and respondent's attorney told him that if he disputed the amount owing he should send a letter specifying how much he was willing to pay.

In an affidavit to the court, respondent's attorney, Anthony Aspnes, agreed that Mark Nelson disputed the amount of the debt. Aspnes stated, however, that it was Nelson who suggested he would send a letter indicating a "payment proposal." Aspnes claimed to have told Nelson to set forth in writing his disputes with the complaint and submit it to respondent's attorneys. Aspnes stated further that Nelson said that if respondent did not accept his settlement proposal, they could take a judgment against him.

On April 28, without prior notice to appellants, respondent moved for a default judgment in Hennepin County District Court. The trial court granted respondent's motion, and judgment was entered

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

on May 27. Subsequently, respondent served a notice of execution of levy on appellants' bank in Hawley, Minnesota, and garnished appellants' account in the amount of $2,985.00. Upon receipt of this money, Reardon returned a writ of execution to Hennepin County, indicating that the judgment had been satisfied in full, and the court issued a satisfaction of judgment to the Nelsons.

Appellants learned of the default judgment against them in early June. After their bank account was garnished in July, they retained an attorney. Appellants' attorney promptly submitted an answer, moved to vacate the default judgment, and requested a change of venue. The trial court denied appellants' motion to vacate after finding that it was without subject matter jurisdiction to consider the motion because judgment had been paid and satisfied. The court ruled further that this decision rendered appellants' other motions moot.

## ISSUES

1. Did the trial court have subject matter jurisdiction to vacate the default judgment upon motion by the appellants?

2. Should the default judgment against appellants be vacated?

## ANALYSIS

### I.

██ Respondent argued and the trial court agreed the court lacked subject matter jurisdiction to hear appellants' motion to vacate the default judgment since the judgment had been wholly satisfied. In its accompanying memorandum to the order denying appellants' motion to vacate, the trial court stated:

A judgment which is paid and satisfied of record ceases to have any existence leaving nothing to vacate. *Boulevard Del, Inc. v. Stillman*, 343 N.W.2d 50 (Minn.App.1984). If a judgment ceases to have any existence, the Court is without subject matter jurisdiction to entertain a motion to vacate. *Id.* at 52.

In *Boulevard Del,* appellant sought to vacate the judgment 10 weeks after it had been entered and voluntarily paid. *Boulevard Del* has subsequently been identified as a fact-specific holding. *See Jorissen v. Miller,* 386 N.W.2d 777, 778 (Minn.Ct.App. 1986) (*Boulevard Del* must be limited to the very egregious facts in that case), *affirmed,* 399 N.W.2d 82 (Minn.1987); *Chaney v. Lieberman,* 386 N.W.2d 355, 357 (Minn.Ct.App.1986) (default judgment vacated even though there had been a partial satisfaction), *reversed on other grounds,* 397 N.W.2d 563 (Minn.1986).

The present case is clearly distinguishable from *Boulevard Del.* Here, appellants did not voluntarily satisfy the judgment entered against them. On the contrary, respondent was forced to execute a writ and garnish appellants' bank account to satisfy the judgment. Under these circumstances, there was no waiver of appellants' right to appeal by voluntary satisfaction of the judgment as was true in *Boulevard Del. See Jorissen v. Miller,* 386 N.W.2d at 778; *Chaney v. Lieberman,* 386 N.W.2d at 357.

### II.

██ A trial court's power to vacate judgments is governed by Minn.R.Civ.P. 60.02, which states in part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment * * * and may order a new trial or may grant such other relief as may be just for the following reasons: (1) Mistake, inadvertence, surprise or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment. * * *

Here, appellants sought to vacate the default judgment under 60.02(1) and (6). In order to establish excusable neglect under 60.02(1), the defaulting party must show (1) that it has a reasonable excuse for failing to answer; (2) that it acted with due diligence after notice of the judgment; (3) that it has a meritorious defense; and (4) that no substantial prejudice will result to the opponent. *Finden v. Klaas,* 268 Minn.

268, 271, 128 N.W.2d 748, 750 (1964). Appellants contend they meet all the factors and should be given the opportunity to pursue this litigation on the merits. We agree.

1) Appellants, who were acting pro se until the judgment was satisfied, provided a reasonable excuse for failing to answer in that they did not appreciate the significance nor understand the importance of submitting a written answer to the complaint. Appellant Mark Nelson reasonably believed his phone call to respondent's attorney was sufficient to notify the respondent that the claim was disputed, and to forestall further action in the matter.

2) We agree with appellants that due diligence in this case must be considered in light of the speed with which respondent moved in obtaining the judgment and the garnishment, and appellants' lack of understanding of the significance of events while acting pro se. Appellants promptly obtained an attorney and sought vacation of the default judgment as soon as they realized the significance of the judgment against them. Additionally, appellants acted well within the "reasonable time," one year period provided by Rule 60.02.

3) Appellants presented as possible defenses in their proposed answer, misrepresentation, failure to mitigate, and unjust enrichment. These defenses have merit and indeed, if allowed to be argued, could affect the result reached in this case. Significantly, respondent offers no defense as to their failure to mitigate or possible unjust enrichment.

4) Finally, while it is true that some prejudice is inherent in every delay, *Vrooman Floor Covering, Inc. v. Dorsey*, 267 Minn. 318, 320, 126 N.W.2d 377, 378 (1964), there must be more than the added expense incurred by reason of the default proceedings and defense of the action to show substantial prejudice. *Valley View, Inc. v. Schutte*, 399 N.W.2d 182, 185 (Minn.Ct. App.1987), *pet. for rev. denied* (Minn. Mar. 18, 1987).

Respondent claims they will be prejudiced if judgment is vacated because they will be unable to collect a new judgment should one be imposed. Respondent's argument that the reason appellants failed to continue making payments on the machine was because of financial difficulties which will prevent them from obtaining a future judgment is a bare assertion unsupported by any evidence or affidavits submitted in this case. In addition, the validity and accuracy of this assertion is questionable considering that appellants had enough money in their bank account to pay the entire amount of the judgment when respondent moved to garnish. Respondent may not be able to obtain the money as quickly as they managed the first time, but there is no indication that they will be precluded from having an award satisfied if they prevail.

## DECISION

Satisfaction of the judgment in full did not remove the trial court's jurisdiction to consider a motion to vacate the default judgment. Appellants are entitled to vacation of the default judgment entered against them.

Reversed.