William **SODERLING**, as Trustee for the Heirs of Brent Soderling, Decedent, Appellant,

v.

David F. **HICKOK**, et al., Abbott-Northwestern Hospital Corporation, Respondents.

No. C8–87–156.

Court of Appeals of Minnesota.

July 21, 1987.

Review Denied Sept. 23, 1987.

Jan Stuurmans, Stuurmans & Karan, P.A., Thomas J. Miller, Ingebritson & Associates, Minneapolis, for William Soderling, as Trustee for the Heirs of Brent Soderling, Decedent.

Audrey Zibelman, James W. Kenney, Geraghty, O'Loughlin & Kenney, P.A., St. Paul, for David F. Hickok, et al.

Greer E. Lockhart, Donna Blazevic, Bassford, Heckt, Lockhart & Mullin, P.A.,

Minneapolis, for Abbott-Northwestern Hosp. Corp.

Heard, considered and decided by PARKER, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

LANSING, Judge.

This is a medical malpractice/wrongful death action arising from the death of Brent Soderling on September 5, 1981. Soderling's heirs brought suit in Hennepin County District Court on July 13, 1983. On June 30, 1986, they moved for additional time in which to file a certificate of readiness. The trial court allowed a continuance to September 1, 1986. On September 25, 1986, the certificate of readiness was still not filed. The trial court dismissed the action. A second judge denied the heirs' motion to vacate the order of dismissal, and Soderling's heirs appeal from the judgment. We affirm.

## FACTS

Brent Soderling was admitted to Abbott-Northwestern Hospital on September 2, 1981. The next day Dr. David Hickok and Dr. Leonard Schultz performed a high gastric bypass and splenectomy to ameliorate Soderling's medical problems resulting from extreme obesity. Soderling died two days later from surgical complications. An autopsy determined that his death was caused by peritonitus resulting from the perforation of his small bowel. Bile and other exudate flowed through the bowel perforation into Soderling's abdomen, causing the peritonitus and pulmonary congestion.

Soderling's heirs brought suit on July 13, 1983. Hickok and Schultz answered on July 22, 1983. Abbott-Northwestern Hospital answered on August 1, 1983. On the same day they also served requests for discovery. Soderling's heirs did not reply to the discovery requests until after the hospital filed a motion to compel answers. In response to the motion they received unsigned interrogatory answers.

On January 29, 1985, the hospital moved for summary judgment on the ground that Soderling's heirs had no expert witness. Soderling's heirs asked that the motion be continued to February 25, 1985. On February 22, 1985, the heirs asked for a 90-day continuance to obtain an expert. No expert was disclosed by the end of the 90 days.

The doctors and hospital again moved for summary judgment and the motions were heard on August 5, 1985. The court denied the summary judgment motion on August 15, but ordered the heirs to disclose their expert by October 15, 1985. On October 30 the heirs wrote the trial court stating that their expert witness had died and another expert was reviewing the case. The heirs stated they would inform the court of the results of that review in two or three weeks. The court received no further information on an expert witness.

On April 3, 1986, the trial court reminded the parties of the July 1, 1986, deadline for filing certificates of readiness. The heirs requested a scheduling conference, which they failed to attend, and the doctors and hospital moved to show cause why the action should not be dismissed and requested attorney's fees. The trial court denied the motion to dismiss, but awarded $150 in attorney's fees to each defendant.

On June 30, 1986, the heirs moved for a continuance to file the certificate of readiness. The trial court granted a continuance until September 1, 1986. Soderling's heirs did not file a certificate of readiness by September 1 and, in an order dated September 25, 1986, filed on October 9, 1986, the trial court ordered the action dismissed.

Soderling's heirs moved to vacate the dismissal, claiming they had been unable to obtain an expert because Brent Soderling's medical records were partially illegible and a dictation tape that included a request for a further continuance had been lost. A second judge denied the motion, finding no reasonable basis to vacate.

## ISSUE

Did the trial court abuse its discretion in denying the motion to vacate the dismissal of this action?

## ANALYSIS

The dismissal in this case was based on the April 10, 1985, order of the Fourth Judicial District. Special Rules of Practice, Fourth Judicial District, reprinted at *Minnesota Rules of Court* 500 (1987). The order stated in part:

3. Cases with the Court prior to July 1, 1985, but not certified ready for trial, will be activated effective July 1, 1985, for the purposes of the initial hearing date. All cases activated on this date will be dismissed on July 1, 1986, unless a Note of Issue/Certificate of Readiness has been filed or the case has been continued prior to the expiration of 12 months under Rule 41.02, Rules of Civil Procedure.

This order was publicized in legal publications and, in this case, the parties were specifically notified in advance of its application.

■ A court may relieve a party from a final judgment for "mistake, inadvertence, surprise or excusable neglect" or "any other reason justifying relief from the operation of the judgment." Minn.R.Civ.P. 60.-02. A party seeking to vacate a judgment on these grounds must show (1) a reasonable claim on the merits, (2) a reasonable excuse for failure or neglect to act, (3) due diligence after the mistake was discovered, and (4) that no substantial prejudice will result to the opponent. *Conley v. Dowling*, 321 N.W.2d 36, 40 (Minn.1982); *Sand v. School Service Employees Union, Local 284*, 402 N.W.2d 183, 186 (Minn.Ct.App. 1987), *pet. for rev. denied*, (Minn. Apr. 29, 1987) (Rule 60.02 relief applies to dismissals under Spec.R.Prac. Fourth Jud.Dist. 4.03). However, absent a clear abuse of discretion, a trial court's decision will be upheld. *Howard v. Frondell*, 387 N.W.2d 205, 207–08 (Minn.Ct.App.1986), *pet. for rev. denied*, (Minn. July 31, 1986).

■ Minnesota law recognizes that under agency principles an attorney's neglect is chargeable to the client. *Finden v. Klaas*, 268 Minn. 268, 271–72, 128 N.W.2d 748, 750–51 (1964); *Gunderson v. Lake County Board of Health*, 389 N.W.2d 241 (Minn.Ct.App.1986), *pet. for rev. denied*, (Minn. Aug. 20, 1986). However, a party may be relieved of the attorney's neglect if the party satisfies the four-part test for relief.

Three of the necessary elements are easily met. The trial court determined that a reasonable claim on the merits existed when it denied the summary judgment motion. All parties agree that Soderling's heirs acted with due diligence in bringing a motion to vacate after the dismissal was ordered. Although some prejudice is present in every delay, *Vrooman Floor Covering, Inc. v. Dorsey*, 267 Minn. 318, 320, 126 N.W.2d 377, 378 (1964), delays prior to the date of dismissal are not considered. *Lund v. Pan American Machines Sales*, 405 N.W.2d 550 (Minn.Ct. App.1987). Under this interpretation, the doctors and hospital are not substantially prejudiced.

■ The significant question is whether Soderling's heirs had a reasonable excuse for failing to file a certificate of readiness. A continuance for filing the certificate was specifically obtained with a corresponding promise that it would be filed by September 1, 1986. However, even if the dictation tape had not been lost, they still would not have complied with the deadline. By September 1 they were only prepared to *request* another continuance in the untranscribed dictation tape. At the very least, the dictation tape should have contained a *motion* for continuance, Minn.R.Civ.P. 7.02, and should properly have been the instruction to file a certificate of readiness.

The heirs' attorney, who is not the same attorney who represents them on appeal, stated at the hearing to vacate the order of dismissal on November 4, 1986, that he was not prepared to file a certificate of readiness. The attorney contacted the doctors and hospital after September 1, 1986, to request legible medical records of Brent Soderling. These records had been in the heirs' possession for nearly four years— certainly adequate time to have discovered that they were partially illegible, especially if potential expert witnesses had studied them.

The facts of this case demonstrate adequate notice of the effect of the dismissal rule and a repeated failure of the case to move forward. Evaluated in light of the entire procedural history and based on the fact that the lost dictation tape did not even contain a motion for continuance, there is no reasonable excuse for failure to file a certificate of readiness by September 1, 1986, and no indication of when the case would ever be ready for trial. It is unfortunate that the heirs of Brent Soderling must bear the consequences of the dismissal, but we are unable to find an abuse of discretion in the trial court's actions.

## DECISION

The trial court acted within its discretion in denying Soderling's heirs' motion to vacate the trial court's order of dismissal.

Affirmed.