**BENTONIZE, INC., Appellant,**

v.

**Wesley GREEN, et al., Respondents.**

**No. C5–88–1050.**

Court of Appeals of Minnesota.

Nov. 22, 1988.

Insurance Trust constitutes a waiver of immunity.

**580**

Jerrold M. Hartke, Rolin L. Cargill, Hartke Law Firm, South St. Paul, for appellant.

Eugene L. Johnson, Gregory A. Fontaine, Dorsey & Whitney, Minneapolis, for respondents.

· Heard, considered and decided by SCHUMACHER, P.J., and HUSPENI and LESLIE,* JJ.

## OPINION

HUSPENI, Judge.

Bentonize, Inc. appeals from a dismissal of its action for breach of an exclusive licensing agreement. The suit was dismissed for noncompliance with Rule 4.03 of the Fourth Judicial District.

Bentonize served the summons and complaint in an exclusive licensing action on respondents Wesley Green and Bryan McGroarty in October 1981. Green and McGroarty filed a counterclaim for mali-

cious prosecution and abuse of process. Thomas Hansing, owner of the majority of Bentonize stock, personally filed the summons and complaint in the Fourth Judicial District Court on January 9, 1986. One year later the Note of Issue/Certificate of Readiness was due pursuant to Hennepin County District Court, Fourth Judicial District Rule 4.03, but was not filed. The action was dismissed and a motion to vacate that dismissal was denied. After entry of judgment, Bentonize appealed. We affirm.

## FACTS

On May 1, 1968 Wesley Green and Bryan McGroarty licensed Bentonize to exploit their patent for a waterproofing method which they developed. McGroarty and Green claim to have terminated that licensing contract with Bentonize on April 14, 1975 and executed a new licensing agreement with Ben Enterprises, Inc. on April 22, 1975. That agreement was cancelled in December of the same year. Thomas Hansing, who had been an officer of Ben Enterprises, left that corporation in October 1975. By December he acquired an interest in Bentonize. At present, he is the principal, possibly sole, stockholder of the corporation. He commenced this action in 1981. Respondents claim that neither Bentonize, Hansing or their attorneys (past or present) took any action in this case until Hansing filed the summons and complaint on January 9, 1986.

Hansing alleges that the 1968 contract was never terminated and the breach is continuing. Hansing was represented by at least two other law firms since 1981 neither of which conducted any discovery. The Hartke Law Firm has represented Hansing since 1985 and attorney Hartke states that a discovery hearing was conducted in June of 1986. On this subject, the record is unclear.

The Hartke firm attorney who was originally assigned the case states by affidavit that he missed the deadline for filing the note of issue due to health and personal

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

problems. Hansing claims he was in contact with this attorney from the time Hansing filed the complaint until dismissal and relied on the attorney's assurances that the matter was proceeding. However, the record is devoid of any indication that Hansing told his attorney that he, Hansing, had actually filed the complaint.

On January 28, 1987, the paralegal for the Hartke Law Firm received a Rule 4.03 notice of dismissal for another of the firm's cases. This "reminded" the paralegal to "double check" on the date that the Bentonize action was filed with the court. This indicates that the paralegal was at least tangentially familiar with the case; however, beyond this the record is unclear regarding his knowledge of the case. Upon investigation the paralegal discovered, contrary to his original belief that the summons and complaint had been filed in late May or early June of 1986, that Hansing, himself, had filed the summons and complaint on January 9, 1986. A subsequent motion to vacate the dismissal resulting under Fourth Judicial District Rule 4.03 was denied because Bentonize failed to satisfy three of the four prerequisites for relief required under Minn.R.Civ.P. 60.-02(1). Bentonize appeals the denial of that motion.

### ISSUES

1. Did the trial court abuse its discretion by refusing to vacate a dismissal of appellant's case for noncompliance with Rule 4.03 of the Fourth Judicial District?

2. Was the dismissal a violation of appellant's right to due process?

### ANALYSIS

#### I.

Special Rule 4.03 of the Rules of the Fourth Judicial District provides, in part:

All cases will be automatically dismissed under Rule 41.02, without prejudice after 12 months from initial filing, unless a Note of Issue/Certificate of Readiness has been filed or the case has been continued.

Subdivision 1 of Rule 41.02 of the Minnesota Rules of Civil Procedure states:

(1) The court may on its own motion, or upon motion of a party, and upon such notice as it may prescribe, dismiss an action or claim for failure to prosecute or to comply with these rules or any order of the court.

Dismissals under Rule 4.03 are analyzed pursuant to Rule 60.02 of the Minnesota Rules of Civil Procedure. *Charson v. Temple Israel*, 419 N.W.2d 488, 490 (Minn. 1988).

Under Rule 60.02, the court may relieve a party from final judgment or order for "[m]istake, inadvertence, surprise or excusable neglect" or "any other reason justifying relief from the operation of the judgment." To qualify for such relief a moving party must show:

(1) a reasonable claim on the merits;

(2) a reasonable excuse for its failure or neglect to act;

(3) that it has acted with due diligence after notice of entry of judgment; and

(4) that no substantial prejudice will result to the opponent.

*See Conley v. Downing*, 321 N.W.2d 36, 40 (Minn.1982); *Sand v. School Service Employees Union Local 284*, 402 N.W.2d 183, 186 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. April 29, 1987). Additionally,

The record is viewed in the light most favorable to the trial court's order and the dismissal will be sustained on appeal absent a clear showing of abuse of discretion.

*Berks v. Fine*, 409 N.W.2d 76, 77 (Minn.Ct. App.1987) (citing *Zuleski v. Pipella*, 309 Minn. 585, 586, 245 N.W.2d 586, 587 (1976)). However, even upon a showing of these prerequisites,

[t]he right to be relieved of a judgment is not absolute * * * The decision to vacate a judgment is largely within the trial court's discretion and that decision will not be reversed on appeal absent a clear abuse of discretion.

*Sand*, 402 N.W.2d at 186 (citations omitted).

Here the district court found that Bentonize failed to make three of the four necessary showings:

> [appellant's] motion is denied because it has failed to establish that it has a reasonable [claim] on the merits, that it has a reasonable excuse for its failure to timely file a note of issue/certificate of readiness as required by Rule 4.03 of the Amended Rules of The Fourth Judicial District, or that [respondents] will not suffer substantial prejudice if [appellant's] motion is granted.

Appellant contests each of these conclusions.

1. REASONABLE CLAIM ON THE MERITS

■ In order for relief to be available under Minn.R.Civ.P. 60.02(1), "the existence of a meritorious claim must ordinarily be demonstrated by more than conclusory allegations in moving papers." *Charson*, 419 N.W.2d at 491 (citation omitted). Viewing the record most favorably to supporting the trial court's order, we cannot conclude that the trial court erred in determining that appellant did not have a reasonable claim on the merits. Nor can we reverse a trial court decision simply because we might have ruled otherwise in the first instance.

Bentonize's complaint alleges breach of the 1968 agreement but lacks an explanation of the claimed breach or any supporting facts. Assuming arguendo that there was a breach, it occurred no later than April 22, 1975, when respondents executed a licensing agreement with Ben Enterprises. As such, the statute of limitations had run more than five months before the summons and complaint was served on respondents in late September 1981. *See* Minn. Stat. § 541.05(1) (1980).

To the extent appellant alleges a fraudulent concealment of a continuing breach, our independent evaluation of the record in this case fails to reveal a compelling reason to reverse the trial court. Initially, regarding possible fraud, we note that Hansing was an officer of Ben Enterprises when it entered the licensing agreement with respondents and that he *subsequently* obtained his interest in Bentonize. Regarding the allegations of a continuing breach, we find appellant's complaint and moving papers insufficiently specific for us to affirmatively conclude that the trial court was "clearly erroneous" in denying appellant's motion.

Allegations which are not sufficiently specific have previously prompted the courts of this state to deny relief under Rule 60.02. *See, e.g., Milner v. Haller*, 296 Minn. 498, 206 N.W.2d 924 (1973) (trial court did not abuse its discretion in refusing to open a default judgment where a party's statement of his defense was conclusory); *Frontier Lumber & Hardware, Inc. v. Dickey*, 289 Minn. 162, 183 N.W.2d 788 (1971) (trial court did not abuse its discretion in refusing to vacate under Rule 60.02 an order granting summary judgment where defendant's defenses were conclusory and where defendant failed to show that no substantial prejudice would result to opposing party in vacation of the judgment); *Peterson v. Skutt Ceramic Products, Inc.*, 417 N.W.2d 648 (Minn.Ct.App. 1988), *pet. for rev. denied* (Minn. March 18, 1988) (trial court did not abuse its discretion in refusing to reinstate an action dismissed pursuant to Fourth Judicial District Rule 4.03 where plaintiffs failed to show they had a meritorious claim, that defendants would suffer substantial prejudice if judgment was vacated, and where neglect that led to dismissal of case was not necessarily that of counsel but of plaintiff herself); and *Howard v. Frondell*, 387 N.W.2d 205 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. July 31, 1986) (trial court did not abuse its discretion in refusing to vacate default judgment where defendant's proposed answer contained defenses not appearing to be meritorious and where there was inadequate explanation of delay resulting from defendant's obtaining new counsel).

2. REASONABLE EXCUSE FOR FAILURE TO FILE

Bentonize argues that the court abused its discretion by not finding that Bentonize had a reasonable excuse for its noncompli-

ance with Hennepin County Rule 4.03. Bentonize's present counsel graciously accepts full responsibility for failure to comply due to its attorney's health and personal problems. Citing *C & A Enterprises v. Carlson Tractor and Equipment Co.*, 408 N.W.2d 921, 923–24 (Minn.Ct.App.1987), counsel argues that even if the attorney's neglect is inexcusable, the party itself should not be charged with that neglect unless it has also been inexcusably negligent. We do not find this argument persuasive in these circumstances.

■ Under agency principles, "an attorney's neglect is chargeable to the client * * * [but] a party may be relieved of the attorney's neglect if the party satisfied the four-part test for relief." *Soderling v. Hickok*, 409 N.W.2d 73, 75 (Minn.Ct.App. 1987), *pet. for rev. denied* (Minn. Sept. 23, 1987) (citations omitted).

■ Here Hansing, as principal shareholder, is, essentially, Bentonize. As the client, he had an obligation to advise his attorney when taking legally significant action such as filing the summons and complaint. In failing to keep his lawyers apprised of what he did, Hansing was personally negligent. Therefore, his reliance on blameless client cases such as *C & A* and *Charson* to bolster his argument for a vacation of the dismissal is substantially weakened. We find no abuse of discretion in the trial court's determination that appellant failed to establish a reasonable excuse for failure to timely file a note of issue/certificate of readiness.

### 3. SUBSTANTIAL PREJUDICE

■ A party seeking relief under Minn. R.Civ.P. 60.02(1) "must show * * * that no substantial prejudice will result to the opponent." *Sand*, 402 N.W.2d at 186; *see also Nelson v. Siebert*, 428 N.W.2d 394, 395 (Minn.1988) ("We reiterate that the burden, by application of the [Rule 60.-02(1)] test, remains on the moving party to establish that no substantial prejudice will result to the other party.") (citing *Finden v. Klaas*, 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964)). Our independent review of appellant's moving papers shows no abuse of discretion by the trial court in concluding that appellant did not establish that respondents would not suffer substantial prejudice if the action was reinstated. Indeed it appears that this issue was not addressed by appellant at the trial court level except for one reference in one affidavit stating "it *appears* that little, if any prejudice would result to [respondents] in the event that this motion were granted" (emphasis added). Such an unsupported allegation is insufficient to satisfy appellant's burden of showing a lack of prejudice.

### II.

■ Rule 41.02(1) of the Minnesota Rules of Civil Procedure provides:

The court may on its own motion, or upon motion of a party, and *upon such notice as it may prescribe*, dismiss an action or claim for failure to prosecute or to comply with these rules or any order of the court.

(Emphasis added.)

Bentonize claims that dismissal of its complaint violates due process and that the language of Rule 41.02(1) guarantees it prior notice and a hearing before dismissal of their complaint. We cannot agree. Hennepin County Rule 4.03 has not deprived Bentonize of its claim because it only mandates dismissal *without prejudice*. The rule permits parties to reinstitute their actions after dismissal.

Bentonize argues that the trial court's dismissal, even though without prejudice, will effectively operate as an adjudication on the merits because the statute of limitations will now bar its reinstitution.

In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 632–33, 82 S.Ct. 1386, 1389–90, 8 L.Ed.2d 734 (1962), a dismissal *with prejudice* for failure to prosecute was upheld without prior notice and a hearing. When petitioner's counsel did not appear at the pretrial conference, a district court dismissed the action. On appeal, the court rejected the plaintiff's due process challenge, stating:

The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct.

*Id.* at 632, 82 S.Ct. at 1390.

The Hartke Law Firm and the attorney originally assigned to the case were clearly aware of the consequences of their behavior. The January 27, 1987 affidavit of the firm's paralegal states:

On January 28, 1987, our office received a Notice of Dismissal of a different case * * *. It reminded me to double check on the date that this matter was filed with the Court. * * * Upon reviewing the file I discovered that our client, Thomas C. Hansing, had himself, personally filed the Summons and Complaint on January 9, 1986. I did not become aware of that fact until I reviewed the file on the afternoon of January 28, 1987.

This indicates that even the paralegal in the firm, although not certain of the exact date of filing, (1) knew that the summons and complaint had already been filed; (2) knew that it was important to check the exact date of filing; and (3) knew there were consequences for inattention to the file. Ignoring Hansing's responsibility in this matter, it also establishes the Hartke firm's awareness of the consequences of their own inaction.

The *Link* court considered the "history of the case." *Link,* at 635, 86 S.Ct. at 1391. There as here, nothing showed that the plaintiff made any effort to bring the case to trial in six years. The record's lack of deposition transcripts, interrogatory answers or discovery of any kind demonstrates appellant's indifference to the suit.

Where in *Link,* the failure to attend the pretrial conference was not judged in a vacuum, so too appellant's missed filing must also be evaluated in light of the case's entire procedural history. *Soderling,* 409 N.W.2d at 76. Viewed in the context of six years of inaction on the file, Bentonize has placed itself in this position by causing the delay which has resulted in the time-bar. Its problems are self-created. We find no due process violation and the dismissal will stand.

## DECISION

As appellant has failed to establish the prerequisites for relief under Minn.R.Civ.P. 60.02(1) and as dismissal pursuant to Rule 4.03 of the Fourth Judicial District does not violate due process, we must affirm the trial court.

AFFIRMED.