**Peter W. RILEY, on behalf of Trey SWANSON, a minor, Appellant,**

v.

**Karen L. HERBES, et al., Defendants,**

and

**Minnesota Laborers Health & Welfare Fund, intervenor, Respondent.**

**No. C4–94–1226.**

Court of Appeals of Minnesota.

Dec. 6, 1994.

Robert T. Dolan, Hunegs, Stone, Koenig & Dolan, Minneapolis, for appellant.

Victoria T. Aguilar, McGrann, Shea, Franzen, Carnival, Straughn & Lamb, Minneapolis, for respondent.

Considered and decided by SHORT, P.J., and KALITOWSKI, and JONES, JJ.

## OPINION

PHYLLIS GENE JONES, Judge [*].

Appellant Peter Riley challenges the district court's holding that respondent Minnesota Laborers Health & Welfare Fund can assert a subrogation interest in a minor settlement. We affirm.

## FACTS

Trey Swanson, a minor, was injured in an automobile accident. Peter Riley sued defendants Karen Herbes and Stephen Lashinski on Trey's behalf for loss of earning capacity, pain, suffering and disfigurement, but not for medical expenses. Riley is not Trey's parent. Trey's claim was settled and the district court was petitioned for approval of the minor settlement.

Trey's medical expenses were paid by the Minnesota Laborers Health & Welfare Fund (the Fund), in which Trey's father, LeRoy Swanson, was a participant. Notice of the minor settlement hearing was mailed to the Fund but not received by its attorney until after the hearing.

When the Fund received notice, the district court had already approved the settlement. The Fund moved to vacate the settlement order and sought a declaratory judgment determining that the Fund had a first priority right of subrogation in any recovery by Trey. The court granted the Fund's mo-

---

[*] Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

tion, vacated the settlement order and declared that the Fund has a first priority right of subrogation. The district court denied Riley's motion for reconsideration and held that the Fund would not be required to contribute to the cost of obtaining the minor settlement. Trey's attorney had agreed not to take a fee from Trey. Riley appeals.

## ISSUES

1. Did the district court abuse its discretion in vacating the order approving the minor settlement?

2. Did the district court err in granting the Fund a first priority right of subrogation?

3. Did the district court err in not requiring the Fund to contribute to the costs and attorney fees incurred in obtaining the settlement?

## ANALYSIS

### 1. Motion to Vacate

 The district court has authority, pursuant to Minn.R.Civ.P. 60.02, to relieve a party from the effect of a judgment. Whether to do so is a discretionary decision for the district court; that decision will not be reversed on appeal in the absence of an abuse of discretion. *Midway Nat'l Bank v. Bollmeier,* 474 N.W.2d 335, 338–39 (Minn.1991). To obtain relief under Rule 60.02, a moving party must show: (1) a reasonable claim on the merits; (2) a reasonable excuse for failure to act; (3) the moving party's due diligence upon notice of entry of the judgment; and (4) that no substantial prejudice will result to the opponent. *Bentonize, Inc. v. Green,* 431 N.W.2d 579, 582 (Minn.App.1988).

 The language of the Laborers Health & Welfare Fund plan grants the Fund a first priority subrogation right against any recovery by a participant or a participant's dependent. The Fund argued that as a self-funded, multi-employer fringe benefit fund, it is not subject to state law regarding subrogation; rather, the language of the plan must prevail. The Fund had a reasonable claim on the merits.

With respect to the Fund's failure to act, notice of the minor settlement hearing was served on the Fund on February 5, 1993. The Fund intervened by serving notice of intervention pursuant to Minn.R.Civ.P. 24.03. Because notice of the minor settlement hearing was not given until February 5, the Fund did not become a party until after the hearing, which took place on February 23. *See id.* (absent objection within 30 days of service of notice of intervention, intervention deemed accomplished).

In addition, notice of the minor settlement was not received by the Fund's attorney until February 26, 1993, three days after the hearing. Riley has not established that the court's finding that the Fund had a reasonable excuse is clearly erroneous. *See In re Dawson,* 502 N.W.2d 65, 68 (Minn.App.1993) (reviewing court will reverse district court's factual determination only if it is clearly erroneous), *pet. for rev. denied* (Minn. Aug. 16, 1993).

We next consider whether the Fund acted with due diligence upon receiving notice of the district court's action. The Fund's attorney received notice of the hearing on February 26, 1993, and served its notice of intervention one week later. This is due diligence. *See Reardon Office Equip. v. Nelson,* 409 N.W.2d 222, 225 (Minn.App.1987) (action within one-year period provided by rule 60.02 reasonable); *Valley View, Inc. v. Schutte,* 399 N.W.2d 182, 185 (Minn.App.1987) (acting within six days of receiving notice constituted due diligence), *pet. for rev. denied* (Minn. Mar. 18, 1987).

 Finally, the Fund must show that no substantial prejudice will result to Trey if the Fund's motion is granted. *Bentonize,* 431 N.W.2d at 582. Some prejudice is inherent any time a judgment is opened. *See Reardon Office Equip.,* 409 N.W.2d at 225. We hold the Fund established that there would not be *substantial* prejudice if its motion were granted. The district court did not abuse its discretion in vacating the order approving the minor settlement and allowing the Fund to assert its subrogation claim.

## 2. Preemption

The plan governing the rights of participants in the Fund contains the following subrogation provision:

If benefits are paid by the Plan for covered medical expenses or disability, the Plan shall be subrogated to the full extent of the Plan's payments to each participant or participant's dependant's [sic] recovery or right of recovery (with or without fault) against any third party.

\* \* \* \* \* \*

Notwithstanding whether payments from third parties are characterized as reimbursement for covered medical expenses or disability or for some other loss[,] \* \* \* *the Plan's subrogation rights shall be a first priority claim against any such third party, and the amounts expended or reimbursed by the Plan \* \* \* shall be paid by or from said third party before the payment of any recovery due from that party to the participant or the participant's dependent.*

(Emphasis added.)

The Employee Retirement Income Security Act (ERISA) contains a broad preemption provision stating that it

shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C.A. § 1144(a) (West 1985). The Fund is a benefit plan described in section 1003(a); therefore, this preemption provision applies to the Fund.

■ ERISA's preemption provision is intended to have a sweeping effect. *American Progressive Life & Health Ins. Co. of New York v. Corcoran,* 715 F.2d 784, 786 (2nd Cir.1983). Congress intended to preempt the entire field of law involving employee benefit plans subject to ERISA; ERISA preempts both statutory and case law. *Monsanto Co. v. Ford,* 534 F.Supp. 51, 53 (E.D.Mo.1981).

■ In determining the rights and responsibilities of the Fund and its participants, the language of the plan is determinative. *See Czyz v. General Pension Bd., Bethlehem Steel Corp.,* 578 F.Supp. 126, 129 (W.D.Pa.1983) (right to benefits must be found in language of plan). If the terms of the plan are lawful, they must be given effect. *See Moore v. Reynolds Metals Co. Retirement Program for Salaried Employees,* 740 F.2d 454, 456 (6th Cir.1984) (absent violation of law, court may not modify substantive provisions of ERISA plan), *cert. denied,* 469 U.S. 1109, 105 S.Ct. 786, 83 L.Ed.2d 780 (1985). Consistent with Congress's broad preemptive intent, the Minnesota Supreme Court has held that ERISA preempts application of Minnesota's law of subrogation to a self-funded employee benefit plan when state law conflicts with the plan's terms. *Hunt by Hunt v. Sherman,* 345 N.W.2d 750, 754 (Minn.1984).

■ In *Hunt,* as in the present case, the plan provisions stated that the ERISA plan would be reimbursed out of any recovery made by a plan participant or participant's dependent; any balance remaining would go to the participant or dependent. *Hunt,* 345 N.W.2d at 751. *Hunt* is controlling in this case. The Fund has a first priority right of subrogation in Trey's settlement.

In support of his contention that state subrogation law applies, Riley relies on *Badger Equip. Co. v. Brennan,* 431 N.W.2d 900 (Minn.App.1988). But in *Badger Equip.,* unlike *Hunt* and the present case, the ERISA plan did not specifically grant the plan a first priority right of subrogation. *See Badger Equip.,* 431 N.W.2d at 904 (distinguishing *Hunt* on this basis).

■ Riley also argues that he settled only the claim for Trey's personal injury, and not any claim for medical expenses for which the Fund may claim a right of subrogation. But the plan in this case unambiguously provides that any payment from a third party, no matter how it is characterized, is subject to the Fund's claim for subrogation.

■ We also reject the claim that the Fund's subrogation right did not arise because LeRoy Swanson, the participant in the plan, was not a party in Trey's lawsuit. The plan specifies that the Fund's subrogation

interest extends to any recovery by a participant or a participant's dependent. Trey is a dependent of a participant, and the Fund has a subrogation interest in his settlement.

Riley also relies on *Share Health Plan v. Marcotte*, 495 N.W.2d 1 (Minn.App.1993), *pet. for rev. denied* (Minn. Mar. 30, 1993). *Marcotte* did not involve an ERISA plan. Furthermore, the policy language in *Marcotte* granted the insurer a subrogation interest in any recovery "by the enrollee or his or her legal representative." *Id.* at 3. The recoveries in *Marcotte* were made by the trustees of the deceased enrollees, not the enrollees or their legal representatives; therefore, the subrogation provision did not apply. *Id.* The plan in this case, by contrast, allows the Fund to assert a subrogation right "to the full extent of the Plan's payments to each participant or participant's dependant's [sic] recovery." The plan clearly gives the Fund a right to a first priority right of subrogation in this case.

### 3. Attorney Fees

■ The Fund's plan provides:

The Plan shall not be responsible for any attorney's fees or costs incurred by the participant or participant's dependent in any legal proceeding for recovery, unless prior to incurring such fees or costs, the Plan, in the exercise of its sole discretion, has agreed in writing to pay all or some portion of said fees or costs.

The plan in this case, like the plan in *Hunt*, leaves it to the plan's administrators to determine whether to pay the fees and costs associated with a recovery from a third party. The Fund did not agree to incur such fees and costs, and the plain language of the plan requires that those fees and costs not be assessed against the Fund.

### DECISION

ERISA preempts Minnesota's law of subrogation. Under the terms of the plan, the Fund is entitled to assert a subrogation right in Trey's settlement. The Fund did not agree to incur fees and costs in obtaining the settlement, and it cannot be compelled to do so.

**Affirmed.**