*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1353**

In re: The Frank John Rodriguez Sr. Trust,
October 28, 2005.

**Filed March 28, 2016
Affirmed
Bjorkman, Judge**

Ramsey County District Court
File No. 62-TR-CV-14-63

John G. Westrick, St. Paul, Minnesota (for appellant James Rodriguez)

Beth Lilyquist Richardson, Woodbury, Minnesota (for respondent Shirley Elizondo)

Considered and decided by Bjorkman, Presiding Judge; Halbrooks, Judge; and Kalitowski, Judge.[*]

# UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant challenges the denial of his motion to vacate the judgment in a trust dispute, arguing that he satisfied the four-factor test described in *Finden v. Klaas*, 268 Minn. 268, 128 N.W.2d 748 (1964), for reopening a judgment pursuant to Minn. R. Civ.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

P. 60.02(a), (f). Because appellant did not demonstrate that he has a reasonable claim on the merits, we affirm.

**FACTS**

The Frank John Rodriguez Sr. Trust was created on January 2, 2004. Respondent Shirley Elizondo is a trustee along with her husband. Appellant James Rodriguez is a beneficiary of the trust.

On October 10, 2014, Rodriguez filed a petition seeking to prevent the upcoming sale of real property owned by the trust. Rodriguez challenged the proposed $60,000 sale price given its tax-assessed value of $120,000. The petition requested removal of the trustee, supervision of the trust, an order to stop the sale of the property, and an accounting of the trust. Rodriguez also filed a notice of lis pendens on the property. Elizondo filed objections to the petition, asserting that the property was sold for $60,000 on October 10 and that she intended to provide a complete accounting to the trust beneficiaries.

A hearing to address the petition was held on January 5, 2015. Neither Rodriguez nor his attorney appeared at the hearing. On February 2, the district court issued an order denying with prejudice[1] Rodriguez's request to prevent the sale, discharging the lis pendens, and awarding Elizondo attorney fees and costs. Prior to entry of the judgment, Rodriguez moved to vacate the judgment pursuant to Minn. R. Civ. P. 60.02. A hearing took place on March 24, during which Elizondo confirmed that she would complete a full accounting of the trust, and the district court stated that it did not "have any problem

---

[1] The order dismissed without prejudice Rodriguez's requests for an accounting and court supervision of the trust.

2

supervising [the trust]." The district court instructed Elizondo to provide Rodriguez with information regarding the sale of the property within one week. And the court directed Rodriguez to then inform the district court whether he intended to move forward with the petition.

On April 6, Rodriguez's counsel advised the district court that Rodriguez wished to have the judgment vacated and requested discovery. The letter explained that a 2014 appraisal valued the property at $94,000 and that Rodriguez received an offer of $140,000 for the property. On May 8, the district court issued an order permitting Rodriguez to conduct limited discovery and to submit evidence that he has a reasonable claim on the merits. The discovery was limited to whether Elizondo had a conflict of interest with respect to the property sale and whether the sale price was unreasonable. The order gave Rodriguez until June 5 to submit evidence obtained through discovery that supported his claims. Rodriguez failed to do so. On July 8, the district court dismissed the petition and denied the motion to vacate. Rodriguez appeals.

## D E C I S I O N

A district court may vacate a final judgment for reasons of mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief from the operation of the judgment. Minn. R. Civ. P. 60.02(a), (f). To obtain relief, the moving party must show: (1) a reasonable claim on the merits, (2) a reasonable excuse for the party's failure or neglect to act, (3) the party acted with due diligence after receiving notice of the entry of judgment, and (4) that no substantial prejudice will result to the other party. *Finden*, 268 Minn. at 271, 128 N.W.2d at 750; *Northland Temps., Inc. v. Turpin*, 744 N.W.2d 398, 402

(Minn. App. 2008), *review denied* (Minn. Apr. 29, 2008). If the moving party fails to show that he has a reasonable claim on the merits, the district court may not grant the motion. *Charson v. Temple Israel*, 419 N.W.2d 488, 491 (Minn. 1988); *Northland Temps.*, 744 N.W.2d at 402. We review the decision to vacate a judgment under rule 60.02 for an abuse of discretion. *Meyer v. Best W. Seville Plaza Hotel*, 562 N.W.2d 690, 694 (Minn. App. 1997), *review denied* (Minn. June 26, 1997).

The only issue before us is whether Rodriguez established that he has a reasonable claim on the merits.[2] The existence of a reasonable claim on the merits must be demonstrated by more than conclusory allegations. *Charson*, 419 N.W.2d at 491; *see also Palladium Holdings, LLC v. Zuni Mortg. Loan Trust 2006-OA1*, 775 N.W.2d 168, 174 (Minn. App. 2009) ("Specific information that clearly demonstrates the existence of a debatably meritorious [claim] satisfies this factor." (quotation omitted)), *review denied* (Minn. Jan. 27, 2010); *Bentonize, Inc. v. Green*, 431 N.W.2d 579, 583 (Minn. App. 1988) ("Allegations which are not sufficiently specific have previously prompted the courts of this state to deny relief under Rule 60.02."). Rather, the party seeking vacation must establish this element by an affidavit or other proof in the record. *Grunke v. Kloskin*, 355 N.W.2d 207, 209 (Minn. App. 1984), *review denied* (Minn. Jan. 2, 1985).

---

[2] Elizondo concedes that Rodriguez has established the other three *Finden* factors.

Although Rodriguez made several claims for relief in his petition, the focus of his argument on appeal is that Elizondo should be removed as trustee because her act of selling the property for $60,000 breached her fiduciary obligations to the trust.[3]

Generally, a trustee must manage trust assets as a prudent investor, considering the purposes, terms, distribution requirements, and other circumstances of the trust. Minn. Stat. § 501B.151, subd. 2(a) (2014). A "trustee shall exercise reasonable care, skill, and caution." *Id*. A person interested in a trust may petition the district court for an order to remove a trustee for cause or if it best serves the interests of all of the beneficiaries, is not inconsistent with a material purpose of the trust, and one of the following elements is found: the trustee has committed a serious breach of trust, there is a lack of cooperation among cotrustees, or the trustee has failed to administer the trust effectively. Minn. Stat. § 501B.16(9)(i)-(iii) (2014).[4] "[T]he determination of what constitutes sufficient grounds for removal of a trustee is within the discretion of the [district] court." *In re Will of Gershcow*, 261 N.W.2d 335, 338 (Minn. 1977).

Rodriguez's petition alleged that the $60,000 sale price was inadequate because the property had a tax value of $120,000 and "various internet sites value[d] it at over $115,000." During the March 24 hearing, Elizondo was ordered to provide information

---

[3] Rodriguez also asserts that the district court erred by denying his request for accounting and supervision of the trust. But the judgment does not deny Rodriguez's right to either. At the March 24 hearing, Elizondo agreed to provide an accounting of the trust to the beneficiaries, and the district court agreed to supervise the trust.

[4] Minn. Stat. § 501B.16(9) (2014) states additional grounds for removal of a trustee, but only subparts (i)-(iii) were referenced in Rodriguez's petition.

5

regarding the sale of property to Rodriguez, which gave Rodriguez an opportunity to present evidence that the sale by Elizondo breached her fiduciary obligations to the trust. Rodriguez received information about the sale, but never submitted evidence challenging its terms. Counsel's April 6 letter to the district court alleged that an appraisal listed the property's value at $94,000, the tax value of the property was $120,000, and that Rodriguez was offered $140,000 for the property. The letter also requested discovery, which the district court previously authorized.

The record demonstrates Rodriguez did not establish that he has a reasonable claim on the merits for two reasons. First, the allegations in the petition and counsel's letter do not constitute evidence that Elizondo committed a serious breach of her obligations or failed to effectively administer the trust. Second, even if evidence existed along the lines Rodriguez asserts, it would not establish that Elizondo breached her fiduciary duties. Rodriguez did not provide specific information regarding the value of the property on "various internet sites," and gave no details about the alleged offer of $140,000 he received for the property. Counsel's letter stated that the relationship between Elizondo and the purchaser was unknown, but did not assert the existence of facts showing the sale involved a conflict of interest. And we reject Rodriguez's bald assertion that his right, as a trust beneficiary, to seek removal of a trustee demonstrates, in and of itself, that he has a reasonable claim on the merits. In sum, Rodriguez's vague assertions lack the specificity required to show a reasonable claim on the merits exists. *See Palladium Holdings*, 775 N.W.2d at 174; *Bentonize*, 431 N.W.2d at 583.

Finally, we reject Rodriguez's contention that reversal is required because the district court followed an unauthorized process for resolving the motion to vacate. Rodriguez asserts that the "hybrid procedure" imposed an improper evidentiary burden on him. This argument is unavailing. When the parties came before the district court to be heard on the vacation motion, the court could have decided the issue on the existing record. But recognizing that resolution of the motion turned solely on whether Rodriguez has a reasonable claim on the merits, the court directed Elizondo to fully advise Rodriguez of the sale details and respond to relevant discovery, and gave Rodriguez another two months to submit evidence concerning the merits of his claim. To the extent this process departed from standard rule 60.02 procedures, the departure inured to Rodriguez's benefit.

On this record, we conclude that the district court did not abuse its discretion by denying the motion to vacate because Rodriguez did not present evidence that he has a reasonable claim on the merits.

**Affirmed.**